# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JACOB SMITH, | ) | Case No. 2:20-cv-03755 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Judge Edmund A. Sargus<br>Magistrate Judge Kimberly A. Jolson |
| FIRSTENERGY CORP., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| JAMES BULDAS, | ) | Case No. 2:20-cv-03987 |
| Plaintiff, | ) ) ) | Judge Edmund A. Sargus<br>Magistrate Judge Kimberly A. Jolson |
| v. | ) ) ) | |
| FIRSTENERGY CORP., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| BRIAN HUDOCK and CAMEO COUNTERTOPS, INC., | ) ) ) | Case No. 2:20-cv-03954 |
| Plaintiffs, | ) ) ) | Judge Edmund A. Sargus<br>Magistrate Judge Kimberly A. Jolson |
| v. | ) ) ) | |
| FIRSTENERGY CORP., *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## **OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Plaintiffs, Jacob Smith, Brian Hudock, Cameo Countertops, Inc., and James Buldas, by their undersigned counsel and pursuant to this Court's Notation Order dated November 25, 2020, file their Opposition to the Motion to Stay filed by Defendants, Dkt. No. 27 ("Defs. Memo."). For the reasons stated herein, Defendants' motion to stay should be denied and this case should proceed to fact discovery in the ordinary course.

## I. INTRODUCTION

A district judge who has now joined the bench of the Court of Appeals for the Sixth Circuit pertinently stated: "The Court's job is to move cases along, not to stop them." *United States ex rel. Griffith v. Conn,* Civil No. 11-157-ART, 2016 WL 4803970, at *7 (E.D. Ky. Sept. 9, 2016) (citing FED. R. CIV. P. 1). In that opinion, Judge Thapar observed that there are "other – less extraordinary – ways" to protect the interests and rights of Defendants without stopping the entire case, like particularized protective orders, stays on certain depositions, and stays on litigation of certain issues. *Id.* at *8.

Rather than address this issue narrowly, Defendants ask this Court to stay *all* discovery in this civil case based on the *possibility* that criminal charges might someday be brought against them, and because they have filed a motion to dismiss Plaintiffs' Consolidated Class Action Complaint (the "Complaint") that *might* be successful. Defs. Memo. at 1-2. Because of the injuries already sustained and the threat of immediate harm to Plaintiffs and the members of the proposed Class, this Court should reject both arguments and deny Defendants' motion to stay.

## II. ARGUMENT

**A. The Pending Criminal Action Does Not Warrant A Stay of Discovery In This Civil Action.**

In the first instance, Defendants assert that the litigation of this case should be stayed pending resolution of the criminal case also pending in this District. Defs. Memo. at 3-9.

2

Plaintiffs submit that the relevant factors weigh against granting a stay in this matter. *See F.T.C. v. E.M.A. Nationwide, Inc.,* 767 F.3d 611, 627-28 (6th Cir. 2014). In adjudicating the instant motion, it is particularly important to recognize that *none* of the Defendants have been charged criminally. Defendants concede this salient point. Defs. Memo. at 5 & n.1 (acknowledging that "no named Defendant here is currently indicted"). *Cf. S.E.C. v. Abdallah,* 313 F.R.D. 59, 64 (N.D. Ohio 2016) (Oliver, J.) ("the criminal case is already under way and all but one of the individual defendants have been indicted"). Indeed, their names do not even appear in the very detailed Affidavit filed in support of the Criminal Complaint in the criminal case. The criminal case is less than six months old and so the timing of the trial is unknown. Any stay granted in this civil case could linger for years.

As alleged in the Complaint filed in this case, from 2016 to 2019, Defendant FirstEnergy Corp. and its subsidiaries (including Defendant FirstEnergy Service Co.) conspired with a group of legislators to corrupt Ohio's legislative process for their own financial gain. And while there is obvious focus on the increases in consumer's electric bills, many people were elected to the Legislature who may not have been absent the illegal funds donated to their campaigns at the request of Speaker Larry Householder. Many unrelated pieces of legislation have been defeated by the Speaker of the House to show his power over those who did not hew the line.

Ohio voters were disenfranchised by the conspiracy and bribery scheme detailed in the Complaint and they deserve answers now, not years from now, as to who did it and why it was done. If any of the Individual Defendants are charged criminally, it would be possible to separate them out from the rest of the parties, as was suggested by Judge Smith in *Kirby Developments, LLC v. XPO Global Forwarding, Inc.,* Case No. 2:18-cv-500, 2018 WL 6075071 (S.D. Ohio Nov. 20, 2018):

3

> [T]here are no indications that a criminal investigation is actually ongoing as to [the movant].  Thus, there is no way for the Court to evaluate the extent to which the two proceedings may overlap and the effects a criminal investigation might have on the civil litigation.  Even if [the movants] had evidence of a criminal investigation, [their] Fifth Amendment concerns are attenuated by the lack of an indictment.

*Id.* at *14.  *Accord Pullen v. Howard*, Civil Action No. 2:14-cv-104, 2015 WL 145091, at *2 (S.D. Ohio Jan. 12, 2015) (Deavers, M.J.) (motion to stay civil action overruled where no parallel criminal action was pending against the party who was seeking a stay).

Contrary to Defendants' assertion, Defs. Memo. at 4-6, there is no right to avoid having to decide whether to assert a Fifth Amendment privilege in civil litigation, as Judge Thapar recognized in *Conn*, 2016 WL 4803970, at *7.  Other courts have made the same point.  *See David Rovinsky LLC v. Peter Marco, LLC,* Case No. 2:20-cv-02580-ODW (ASx), 2020 WL 5645792, at *5 (C.D. Cal. Sept. 21, 2020); *General Electric Co. v. Liang*, No. CV 13-08670 DDP (VBKx),  2014 WL 1089264, at *3 (C.D. Cal. Mar. 19, 2014).  Absent a showing and finding that the production of documents is testimonial and that the production of certain documents would by itself be incriminating, the Fifth Amendment certainly does not apply to the production of documents.  *See United States v. Grable*, 98 F.3d 251, 253 (6th Cir. 1996).  Moreover, FirstEnergy does not possess any Fifth Amendment privilege.  *Curcio v. United States*, 354 U.S. 118, 122, 77 S. Ct. 1145, 1 L. Ed. 2d 1225 (1957) ("It is settled that a corporation is not protected by the constitutional privilege against self-incrimination.").

As alleged in the Complaint, FirstEnergy formed a cabal with susceptible public servants to help save itself financially and, thus far, its illegal scheme has succeeded.  Moreover, HB 6 tariffs will go into effect shortly unless collection of the charges required under that enactment is stopped.  But the situation becomes even more precarious.  On November 27, 2020, FirstEnergy Corp.'s credit rating and stock price took major hits because of the ongoing Householder

scandal.  Chow, Andy, *FirstEnergy Credit Ratings Downgraded to Junk Status*, Statehouse News Bureau, Nov. 25, 2020.  The company's bonds have now been downgraded by financial rating entities to the "junk" category, so obtaining an eventual recovery may be impossible if the rates are allowed to be collected.  As the Sixth Circuit has recognized, this factor weighs heavily against granting a stay of this civil litigation.  *E.M.A. Nationwide,* 767 F.3d at 629.

Further, the Public Utilities Commission of Ohio ("PUCO") is the referee for Ohio's public utilities and, recently, its former chairman had his home raided by the Federal Bureau of Investigation following a report that FirstEnergy paid a $4 million breakup fee in connection with a Consulting Agreement the chairman's company had with FirstEnergy.  FirstEnergy had declared in a filing with the U.S. Securities & Exchange Commission that it had fired is Chairman and two other top executives for violating company policy by authorizing the $4 million payment.

While the Individual Defendants' rights under federal and state criminal statutes are important, there are circumstances like this case where the public's right trumps those rights.  *In Re Flint Water Cases*, No. 5:16-cv-10444, 2019 WL 5802706, at *3 (E.D. Mich. Nov. 7, 2019).

In order to avoid a potential clash between this ratepayers' class action and the pending criminal case, on November 9, 2020, counsel for Plaintiffs approached the U.S. Attorney's Office handling the criminal case to present a proposed protocol as to how discovery might proceed without any prejudice to the prosecution of the criminal case.  The same protocol was implemented, endorsed, and used effectively in *In re Polyurethane Foam Antitrust Litigation* in the Northern District of Ohio, MDL Docket No. 2196.  In that multidistrict litigation, there was an ongoing criminal antitrust investigation that paralleled the civil case.  Once it was in place, the parties were able to follow the protocol without needing additional judicial guidance.  But in this

5

case, the proposed protocol that we offered to prosecutors was flatly rejected. Such rejection by the U.S. Attorney's Office is a clear indication that this civil action should proceed unencumbered by the criminal case.

For the reasons set forth above, this Court should reject Defendants' argument that the pendency of criminal proceedings warrants a stay of discovery in this civil action.

### B. A Stay Is Not Warranted Because Defendants Filed A Motion To Dismiss

Second, Defendants assert that the pendency of their Motion to Dismiss the Complaint further supports a stay of this litigation. Defs. Memo. at 9-12. It is axiomatic that '[a] district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently.' *Young v. Mesa Underwriters Specialty Ins. Co.,* Case No. 2:19-cv-3820, 2020 U.S. Dist. LEXIS 193327, at *2 (S.D. Ohio Oct. 19, 2020) (Jolson, M.J.) (quoting *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (Vascura, M.J.)). "[A]s a general rule, [however,] this Court is not inclined to stay discovery while a motion to dismiss is pending." *Id*. at *3 (quoting *Ohio Valley Bank*, 2019 WL 2170681, at *2) (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery") (internal quotation omitted).

This is "[t]rue for several reasons." *Id*. at *4. First, "'[h]ad the Federal Rules contemplated that a [dispositive] motion ... would stay discovery, the Rules would contain a provision to that effect.'" *Id*. (citation omitted). Indeed, as recognized by this Court in *Young*, the notion of staying discovery pending a motion to dismiss "is directly at odds with the need for expeditious resolution of litigation," and, because "motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending

6

resolution of such motions." *Id*. at *4-5 (citation omitted). Once again, as recognized in *Young*, the granting of Defendants' motion to stay "would require the [C]ourt to make a preliminary finding of the likelihood of success on the motion to dismiss," which "would circumvent the procedures for resolution of such a motion." *Id*. at *5. (citation and quotations omitted).

There are only limited instances, or "special circumstances," where it *may* be appropriate to stay discovery based on a pending, potentially dispositive motion.  As explained by this Court in *Young*:

> A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery appears" or where "it appears that the complaint will almost certainly be dismissed."

*Young*, 2020 U.S. Dist. LEXIS 193327, at *3 (citing *Ohio Valley Bank*, 2019 WL 2170681, at *2); *see also Kendell v. Shanklin*, Civil Action No. 2:20-cv-985, 2020 WL 6748505, at *2 (S.D. Ohio June 4, 2020) (Jolson, M.J.) (denying defendant's motion to stay discovery).  This limited exception is based upon the fact that the doctrine of absolute or qualified immunity is premised on the "desire to avoid the substantial costs imposed on government, and society, by subjecting *officials* to the risks of trial."  *Floyd v. Furno*, No. 07-12725, 2008 WL 565432, at *2 (E.D. Mich. Feb. 29, 2008) (emphasis added) (quoting *Vaughn v. U.S. Small Bus. Admin.,* 65 F.3d 1322, 1326 (6th Cir. 1995)). Such burdens include "distraction *of officials* from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service."  *Vaughn*, 65 F.3d at 1326 (emphasis added).  In this way, governmental officials with immunity are not only shielded from liability, but also from the "avoidance of disruptive discovery."  *Sterrett v. Cowan*, No. 14-CV-11619, 2014 WL 4926264, at *1 (E.D. Mich. Oct. 1, 2014) (quoting *United States v. Smith,* 344 F.3d 479, 486 (6th Cir. 2003)).

7

The mere pendency of Defendants' motion to dismiss does not justify a sweeping stay of discovery for several reasons. First, the Individual Defendants in this case are *not* government officials. They are private citizens accused of the heinous, wholly undemocratic act of conspiring to bribe governmental officials. The law, quite understandably, does not shield such bad actors from liability, or from discovery. While Defendants assert in their pending Motion to Dismiss that they are immune from liability based on the doctrine of legislative immunity, Defs. Memo. at 25-27, they fail to cite a single case extending such immunity to private citizens. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss, Dkt. No. 26, at 30-31.

Second, the cases that the Defendants rely upon are distinguishable. To support their misleading contention that courts in this District "routinely" grant stays of discovery, Defs. Memo. at 9, Defendants mistakenly rely upon the following cases: *Ohio Power Co. v. Frontier N. Inc.*, Civil Action No. 2:14-cv-341, 2014 WL 12586318, at *2 (S.D. Ohio Oct. 20, 2014); *Marshall v. Mausser*, Civil Action No. 1:13-cv-847, 2014 WL 4774377, at *3 (S.D. Ohio Sept. 24, 2014); *Mason v. Synchrony Bank*, Civil Action No. 3:17-cv-314, 2018 WL 527981, at *1 (S.D. Ohio Jan. 22, 2018); and *City of Dayton v. A.R. Envtl., Inc.*, Civil Action No. 3:11-cv-383, 2012 WL 1856537, at *1 (S.D. Ohio Mar. 6, 2012). Defendants' reliance on these cases is misplaced.

In *Ohio Power Co.*, the court granted a stay of discovery only after recognizing that the plaintiff could obtain the discovery sought in a related, pending proceeding between the parties. 2014 WL 12586318, at *3. In *Marshall*, the court stayed discovery only after noting that the *pro se* plaintiff had done little to prosecute his case and, therefore, the stay was deemed justified in that action. 2014 WL 4774377, at *2-3. In *Mason*, despite Defendants' misleading suggestion to the contrary, Defs. Memo. at 10, the court did *not* enter an order staying discovery. 2018 WL

8

527981, at *7 ("Defendant's Motion to Compel Arbitration and to Dismiss, or Alternatively, to Stay the Proceedings, Doc #18, is OVERRULED as to its request to stay proceedings, and SUSTAINED in all other respects.") (emphasis in original).  Finally, in *City of Dayton*, unlike the case at bar, it was the *plaintiff*, as opposed to the defendant, who requested a complete stay of discovery.

Further, it certainly is not "patent that th[is] case lacks merit and will almost certainly be dismissed," which is the test applied by the judges in this District.  *Young*, 2020 U.S. Dist. LEXIS 193327, at *5 (citation omitted).

Even then, "[i]n ruling upon a motion for stay, a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery."  *Id*. (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, Civil Action No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). In weighing hardship, courts "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay."  *Id*. at *3-4 (citing *Ohio Valley Bank,* 2019 WL 2170681, at *2).  "The moving party has the burden of establishing the 'pressing need for delay' and proving 'that neither the other party nor the public will suffer harm from entry of the order.'"  *Premier Dealer Servs. v. Allegiance Adm'rs, LLC*, Civil Action No. 2:18-cv-735, 2019 WL 79038, at *7 (S.D. Ohio Jan. 2, 2019) (quoting *Ohio Envtl. Council v. United States District Court, Southern District of Ohio, Eastern Division*, 565 F.2d 393, 396 (6th Cir. 1977)).

Here, the balance of the hardship cuts against Defendants' requested stay.  For starters, Defendants have not satisfied their burden of establishing that *any* stay is warranted, let alone the sweeping stay sought by them.  The stoppage of *all* discovery now for an undetermined amount

9

of time would prejudice Plaintiffs and the members of the Class by unnecessarily delaying this case.  *Hunter v. Shield*, Civil Action No. 2:18-cv-01097, 2019 WL 1785069, at *2 (S.D. Ohio Apr. 23, 2019) (Deavers, C.M.J.) (denying defendant's motion to stay discovery pending the court's decision on defendant's motion to dismiss and noting that the defendant had "not adequately demonstrated that a stay of discovery would not result in prejudice to Plaintiffs").  If the parties remain able to conduct discovery while Defendants' motion to dismiss is pending, the case will be able to proceed more efficiently to class certification, and then summary judgment practice and/or trial after the Court denies Defendants' motion to dismiss. "As reflected in the Federal Rules, Plaintiffs deserve to have their claims heard in a timely and efficient manner." *Young,* 2020 U.S. Dist. LEXIS 193327, at *6.  "A stay of discovery conflicts with this goal." *Id*. While this may impose a minimal burden on Defendants, it is not an *unfair* burden but, rather, "the same burden that nearly every defendant in this Court faces in civil litigation."  *Id*. ("had the drafters of the Federal Rules meant to alleviate that burden on civil litigants … they would have said so.").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order denying Defendants' motion to stay discovery and granting Plaintiffs any additional and further relief deemed just and appropriate.

Dated: December 4, 2020　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Dennis E. Murray, Jr.*
　　　　　　　　　　　　　　　　　　　Dennis E. Murray, Jr. (0038509)
　　　　　　　　　　　　　　　　　　　Margaret M. Murray (0066633)
　　　　　　　　　　　　　　　　　　　William H. Bartle (0008795)
　　　　　　　　　　　　　　　　　　　**MURRAY & MURRAY CO., L.P.A.**
　　　　　　　　　　　　　　　　　　　111 East Shoreline Drive
　　　　　　　　　　　　　　　　　　　Sandusky, Ohio  44870-2517
　　　　　　　　　　　　　　　　　　　Telephone:  (419) 624-3126

Facsimile:  (419) 624-0707
E-mail: dmj@murrayandmurray.com
          mmm@murrayandmurray.com
          whb@murrayandmurray.com

Richard M. Kerger (0015864)
**THE KERGER LAW FIRM**
4159 N. Holland Sylvania Road
Toledo, Ohio  43623
Telephone:  (419) 255-5990
E-mail:  rkerger@kergerlaw.com

Marvin A. Miller*
Andy Szot*
**MILLER LAW LLC**
115 South LaSalle Street, Suite 2910
Chicago, Illinois  60603
Telephone:  (312) 332-3400
E-mail: mmiller@millerlawllc.com
          aszot@millerlawllc.com

Kevin P. Roddy*
**WILENTZ, GOLDMAN & SPITZER, P.A.**
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey  07095
Telephone:  (732) 636-8000
E-mail: kroddy@wilentz.com

*Attorneys for Plaintiffs and the Members of the Proposed Class (*attorneys admitted pro hac vice)*

11

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been electronically filed this 4th day of December, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Dennis E. Murray, Jr.
Dennis E. Murray, Jr. (0038509)
**MURRAY & MURRAY CO., L.P.A.**

*Attorney for Plaintiffs and the Members of the Proposed Class*