## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>          Plaintiff,<br><br>v.<br><br>FIRSTENERGY CORP. AND FIRSTENERGY SERVICE COMPANY,<br><br>          Defendants. | |
| BRIAN HUDOCK AND CAMEO COUNTERTOPS, INC.,<br><br>          Plaintiffs,<br><br>v.<br><br>FIRSTENERGY CORP., *et al.*,<br><br>          Defendants. | Case Nos. 2:20-cv-03755, 03954, 03987<br><br>Judge Edmund A. Sargus<br><br>Magistrate Judge Kimberly A. Jolson |
| JAMES BULDAS,<br><br>          Plaintiff,<br><br>v.<br><br>FIRSTENERGY CORP., *et al.*,<br><br>          Defendants. | |

### ANSWER OF DEFENDANTS FIRSTENERGY CORP., FIRSTENERGY SERVICE COMPANY, JAMES F. PEARSON, STEVEN E. STRAH, AND K. JON TAYLOR TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Defendants FirstEnergy Corp., FirstEnergy Service Company, James F. Pearson, Steven E. Strah, and K. Jon Taylor (collectively, "FirstEnergy"), by and through counsel, hereby submit their Answer and Additional Defenses to the Consolidated Class Action Complaint for Violations of the Federal Racketeer Influenced and Corrupt Organizations Act, the Ohio Corrupt Activity Act, and Civil Conspiracy by Plaintiffs Jacob Smith, James Buldas, Brian Hudock, and Cameo Countertops, Inc. ("Plaintiffs"). For the purposes of this Answer, FirstEnergy states that it will respond to the allegations in the Consolidated Class Action Complaint directed to "FirstEnergy" as referring only to FirstEnergy Corp. and FirstEnergy Service Company and allegations directed to "Defendants" or "Individual Defendants" as referring only to FirstEnergy Corp., FirstEnergy Service Company, and/or the Individual Defendants James F. Pearson, Steven E. Strah, and K. Jon Taylor. Unless otherwise indicated, FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations directed at the other defendants, which are therefore denied.

The two-page introduction is an overwrought and hyperbolic narrative statement of Plaintiffs' opinions about the case that includes numerous legal conclusions. FirstEnergy denies the allegations in the introduction to the extent they refer to FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the allegations in the introduction, which are therefore denied.

1.    FirstEnergy admits that Jacob Smith is a plaintiff in this case. FirstEnergy avers that HB 6 speaks for itself. FirstEnergy is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 1, which are therefore denied.

2.    FirstEnergy admits that James Buldas is a plaintiff in this case. FirstEnergy avers that HB 6 speaks for itself. FirstEnergy is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 2, which are therefore denied.

3.      FirstEnergy admits that Brian Hudock is a plaintiff in this case.  FirstEnergy avers that HB 6 speaks for itself.  FirstEnergy is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 3, which are therefore denied.

4.      FirstEnergy admits that Cameo Countertops, Inc. is a plaintiff in this case. FirstEnergy avers that HB 6 speaks for itself.  FirstEnergy is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 4, which are therefore denied.

5.      FirstEnergy admits that FirstEnergy Corp. is an Akron, Ohio-based public utility holding company involved in the generation, transmission, and distribution of electricity, and its agent for service of process is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio.  Except expressly admitted, the allegations in this paragraph are denied.

6.      FirstEnergy admits that FirstEnergy Service Company is an Ohio corporation with its principal place of business in Akron, Ohio and is a wholly-owned subsidiary of FirstEnergy Corp. FirstEnergy Service Company does not have its own Chief Executive Officer or Board of Directors, and its agent for service of process is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio.  FirstEnergy Service Company provides legal, financial, and other corporate support services to various entities.  Except expressly admitted, the allegations in this paragraph are denied.

7.      FirstEnergy admits that Charles E. Jones served as CEO and a Director of FirstEnergy Corp.; James Pearson served as CFO of FirstEnergy Corp. until March 2018, when he transitioned to Vice President of Finance until his retirement on April 1, 2019; Steven E. Strah is CEO and President of FirstEnergy Corp. and previously served as CFO (March 2018–May 2020); K. Jon Taylor became CFO in May 2020 following Strah and was FirstEnergy's Controller and Chief Accounting Officer until March 2018, after which he became President of FirstEnergy's Ohio

Operations and, in 2019, its Vice President of Utilities Operations; and Michael J. Dowling was the Senior Vice President, External Affairs of FirstEnergy Corp. and was a member of the FirstEnergy Leadership Council until October 2020.  Paragraph 7 also purports to incorporate by reference the Indictment and Criminal Complaint in *United States v. Larry Householder et al.*, Case No. 1:20-cr-077 (S.D. Ohio) (collectively, "Charging Documents").  Any allegations within the Charging Documents not explicitly addressed within this Answer are denied.  Except as expressly admitted, the allegations in this paragraph are denied.

8. FirstEnergy does not contest jurisdiction or venue.

9. FirstEnergy avers that Plaintiffs purport to cite to statutory provisions, which speak for themselves.  Except as expressly admitted, the allegations in this paragraph are denied.

10. Paragraph 10 purports to describe the Charging Documents, which speak for themselves.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.  Except as expressly admitted and to the extent the remaining allegations in Paragraph 10 refer to actions by FirstEnergy, the allegations are denied.

11. FirstEnergy incorporates by reference its responses in the preceding paragraphs. Paragraph 11 also purports to incorporate by reference the factual allegations set forth in the Charging Documents.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.

12. Paragraph 12 purports to describe and cite to the Charging Documents, which speak for themselves.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.  FirstEnergy denies the remaining allegations in Paragraph 12 to the extent they are intended to refer to actions by FirstEnergy and is otherwise without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 12, which are therefore denied.

13. FirstEnergy avers that Paragraph 13 purports to reference the Ohio Electric Restructuring Act (SB 3), which speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

14. FirstEnergy avers that Paragraph 14 purports to reference the Ohio Electric Restructuring Act (SB 3), which speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

15. FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 15, which are therefore denied.

16. FirstEnergy avers that Paragraph 16 purports to reference Ohio Senate Bill 221, which speaks for itself. Except expressly admitted, the allegations in this paragraph are denied.

17. FirstEnergy avers that Paragraph 17 purports to reference Ohio Senate Bill 221, which speaks for itself. Except expressly admitted, the allegations in this paragraph are denied.

18. FirstEnergy avers that Paragraph 18 purports to reference Ohio Senate Bill 221, which speaks for itself. Except expressly admitted, the allegations in this paragraph are denied.

19. FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 19, which are therefore denied.

20. FirstEnergy admits that FirstEnergy did not own natural gas-fired generation plants following the passage of SB 221. FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegation regarding the price of natural gas in Paragraph 20, which is therefore denied.

21. FirstEnergy avers that Paragraph 21 purports to reference reports filed with PUCO and testimony concerning SB 310, which speak for themselves. FirstEnergy is without knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 21, which are therefore denied.

22.     FirstEnergy avers that Paragraph 22 purports to reference a 2013 report on Ohio Energy Efficiency Standards by the American Council for an Energy Efficient Economy, which speaks for itself.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations regarding energy efficiency in Paragraph 22, which are therefore denied.

23.     FirstEnergy denies the allegations in Paragraph 23.

24.     FirstEnergy denies the allegations in Paragraph 24.

25.     FirstEnergy admits that SB 310 was signed into law in June 2014.  Except as expressly admitted, the allegations in this paragraph are denied.

26.     FirstEnergy denies the allegations in Paragraph 26.

27.     FirstEnergy avers that Paragraph 27 purports to reference FirstEnergy Corp.'s November 2016 Annual Report to Shareholders, which speaks for itself.  FirstEnergy denies the remaining allegations in Paragraph 27.

28.     FirstEnergy avers that Paragraph 28 purports to selectively quote from FirstEnergy Corp.'s fourth-quarter 2016 earnings conference call, which speaks for itself.  FirstEnergy denies the remaining allegations in Paragraph 28.

29.     FirstEnergy avers that Paragraph 29 purports to reference the Zero-Emissions Nuclear Resource Program energy proposals outlines in HB 178, SB 128, and HB 381, which speak for themselves.  Except as expressly admitted, the allegations in this paragraph are denied.

30.     FirstEnergy admits that Larry Householder traveled to Washington D.C. in January 2017 on a company plane and avers that Householder reimbursed the company for the cost of the travel.  FirstEnergy also admits that FirstEnergy Service Company contributed $250,000 to Generation Now on each of March 16, 2017, May 14, 2017, August 10, 2017, and December 8, 2017.  FirstEnergy denies the remaining allegations in Paragraph 30 that refer to actions by

FirstEnergy and otherwise is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 30, which are therefore denied.

31.     FirstEnergy admits that Larry Householder was elected as Speaker of the House in January 2019. Paragraph 31 also purports to reference HB 6, which speaks for itself. FirstEnergy denies the remaining allegations in Paragraph 31 to the extent they are intended to refer to actions by FirstEnergy and is otherwise without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31, which are therefore denied.

32.     FirstEnergy denies the allegations in Paragraph 32 that refer to actions by FirstEnergy and otherwise is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 32, which are therefore denied.

33.     FirstEnergy avers that Paragraph 33 purports to reference the legislative history of HB 6, which speaks for itself. FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 33, which are therefore denied.

34.     FirstEnergy admits that between August 1, 2019 and October 2019, FirstEnergy Service Company, as directed by FirstEnergy Solutions Corp. n/k/a Energy Harbor, wire transferred $25,738,591 from FirstEnergy Solutions Corp. to Generation Now. FirstEnergy further admits that on October 10, 2019, FirstEnergy Service Company wire transferred $10,000,000 to an entity, which FirstEnergy understands then wire transferred $10,000,000 to Generation Now and that on October 18, 2019, FirstEnergy wire transferred $10,000,000 to an entity, which FirstEnergy understands then wired $3,00,000 to Generation Now on October 22, 2019. FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 34, which are therefore denied. Except as expressly admitted, the allegations in this paragraph are denied.

35.     FirstEnergy avers that Paragraph 35 purports to selectively quote from the Criminal Complaint, which speaks for itself.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.  To the extent the allegations in Paragraph 35 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 35, which are therefore denied.

36.     To the extent the allegations in Paragraph 36 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 36, which are therefore denied.

37.     FirstEnergy avers that Larry Householder's legislative career history speaks for itself and is otherwise without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 37, which are therefore denied.

38.     FirstEnergy avers that Larry Householder's legislative career history speaks for itself. To the extent the allegations in Paragraph 38 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 38, which are therefore denied.

39.     To the extent the allegations in Paragraph 39 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 39, which are therefore denied.

40.     To the extent the allegations in Paragraph 40 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 40, which are therefore denied.

41.     FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 41, which are therefore denied.

42.     To the extent the allegations in Paragraph 42 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 42, which are therefore denied.

43.     To the extent the allegations in Paragraph 43 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 43, which are therefore denied.

44.     FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 44, which are therefore denied.

45.     To the extent the allegations in Paragraph 45 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 45, which are therefore denied.

46.     FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 46, which are therefore denied.

47.     FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 47, which are therefore denied.

48.     To the extent the allegations in Paragraph 48 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 48, which are therefore denied.

49.     FirstEnergy avers that Paragraph 49 purports to reference the Charging Documents, which speak for themselves.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.  To the extent the allegations in Paragraph 49 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 49, which are therefore denied.

50.     To the extent the allegations in Paragraph 50 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 50, which are therefore denied.

51.     FirstEnergy avers that Paragraph 51 purports to reference the Charging Documents, which speak for themselves.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.  FirstEnergy admits that Generation Now is legally registered with the Internal Revenue Service as a Section 501(c)(4) organization.  To the extent the remaining allegations in Paragraph 51 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 51, which are therefore denied.

52.     Except as expressly admitted, the allegations in Paragraph 52 are denied.

a.     FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52(a), which are therefore denied.

b.     FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52(b), which are therefore denied.

c.     FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52(c), which are therefore denied.

d.     FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52(d), which are therefore denied.

e.     FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52(e), which are therefore denied.

f.     FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52(f), which are therefore denied.

g.       FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52(g), which are therefore denied.

h.       FirstEnergy admits that on March 21, 2017, it wire transferred $90,000 to an entity, and FirstEnergy understands that on May 1, 2018, the entity wire transferred $300,000 to another entity, which FirstEnergy understands then wire transferred $300,000 to an entity.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 52(h), which are therefore denied.

i.       FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52(i), which are therefore denied.

j.       FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52(j), which are therefore denied.

k.       FirstEnergy admits that on October 29, 2018, it wire transferred $500,000 to an entity. FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 52(k), which are therefore denied.

l.       FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52(l), which are therefore denied.

m.       FirstEnergy admits that between August 1, 2019 and October 2019, FirstEnergy Service Company, as directed by FirstEnergy Solutions Corp. n/k/a Energy Harbor, wire transferred $25,738,591 from FirstEnergy Solutions Corp. to Generation Now.  FirstEnergy further admits that on October 10, 2019, FirstEnergy Service Company wire transferred $10,000,000 to an entity, which FirstEnergy understands then wire transferred $10,000,000 to Generation Now and that on October 18, 2019, FirstEnergy wire transferred $10,000,000 to an entity, which FirstEnergy understands then wired $3,00,000 to Generation Now on October 22, 2019.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph

52(m), which are therefore denied.  Except as expressly admitted, the allegations in this paragraph are denied.

53.     FirstEnergy admits that Generation Now is legally registered with the Internal Revenue Service as a Section 501(c)(4) entity and is otherwise without knowledge or information sufficient to form a belief as to the allegations in Paragraph 53, which are therefore denied.

54.     FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 54, which are therefore denied.

55.     FirstEnergy avers that Paragraph 55 purports to reference the Criminal Complaint, which speaks for itself.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.  FirstEnergy denies the remaining allegations in Paragraph 55.

56.     FirstEnergy avers that Paragraph 56 purports to reference the Charging Documents, which speak for themselves.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.  FirstEnergy denies the remaining allegations in Paragraph 56 to the extent they are intended to refer to actions by FirstEnergy and is otherwise without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 56, which are therefore denied.

57.     FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 57, which are therefore denied.

58.     FirstEnergy denies the allegations in Paragraph 58.

59.     FirstEnergy denies the allegations in Paragraph 59.

60.     FirstEnergy avers that Paragraph 60 purports to reference the Charging Documents, which speak for themselves.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.  To the extent the allegations in Paragraph 60

refer to actions by FirstEnergy, the allegations are denied. FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 60, which are therefore denied.

61. FirstEnergy admits that FirstEnergy Service Company contributed $250,000 to Generation Now on each of March 16, 2017, May 14, 2017, August 10, 2017, and December 8, 2017. Paragraph 61 also purports to reference the Criminal Complaint, which speaks for itself. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. Except as expressly admitted, the remaining allegations in this paragraph are denied.

62. To the extent the allegations in Paragraph 62 refer to actions by FirstEnergy, the allegations are denied. FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 62, which are therefore denied.

63. To the extent the allegations in Paragraph 63 refer to actions by FirstEnergy, the allegations are denied. FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 63, which are therefore denied.

64. FirstEnergy admits that while HB 6 was pending in the House of Representatives, FirstEnergy Service Company, directed by FirstEnergy Solutions n/k/a Energy Harbor, wire transferred $9,500,000 to Generation Now, and that when the bill was pending in the Senate, FirstEnergy Service Company, directed by FirstEnergy Solutions n/k/a Energy Harbor, wire transferred $7,358,255 to Generation Now. FirstEnergy also admits that between August 1, 2019 and October 2019, FirstEnergy Service Company, as directed by FirstEnergy Solutions Corp. n/k/a Energy Harbor, wire transferred $25,738,591 from FirstEnergy Solutions Corp. to Generation Now. FirstEnergy further admits that on October 10, 2019, FirstEnergy Service Company wire transferred $10,000,000 to an entity, which FirstEnergy understands then wire transferred $10,000,000 to

Generation Now and that on October 18, 2019, FirstEnergy wire transferred $10,000,000 to an entity, which FirstEnergy understands then wired $3,00,000 to Generation Now on October 22, 2019.  Except as expressly admitted, the allegations in this paragraph are denied.

65.     To the extent the allegations in Paragraph 65 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 65, which are therefore denied.

66.     FirstEnergy avers that Paragraph 66 purports to reference the legislative history of HB 6 and the Criminal Complaint, which speak for themselves.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations against in Paragraph 66, which are therefore denied.

67.     To the extent the allegations in Paragraph 67 refer to actions by FirstEnergy, the allegations are denied.  FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations against in Paragraph 67, which are therefore denied.

68.     FirstEnergy avers that Paragraph 68 purports to reference the Criminal Complaint, which speaks for itself.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.  To the extent the allegations in Paragraph 68 refer to actions by FirstEnergy, the allegations are denied.  Except as expressly admitted, the remaining allegations in this paragraph are denied.

69.     FirstEnergy admits that between August 1, 2019 and October 2019, FirstEnergy Service Company, as directed by FirstEnergy Solutions Corp. n/k/a Energy Harbor, wire transferred $25,738,591 from FirstEnergy Solutions Corp. to Generation Now.  FirstEnergy further admits that on October 10, 2019, FirstEnergy Service Company wire transferred $10,000,000 to an entity, which FirstEnergy understands then wire transferred $10,000,000 to Generation Now and

that on October 18, 2019, FirstEnergy wire transferred $10,000,000 to an entity, which FirstEnergy understands then wired $3,00,000 to Generation Now on October 22, 2019. FirstEnergy avers that Paragraph 69 purports to reference the Criminal Complaint, which speaks for itself. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. Except as expressly admitted, the remaining allegations in this paragraph are denied.

70. FirstEnergy admits that the referendum campaign failed to collect enough signatures and HB 6 went into effect. FirstEnergy also avers that HB 6 speaks for itself. To the extent the allegations in Paragraph 70 refer to actions by FirstEnergy, the allegations are denied. FirstEnergy is without knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 70, which are therefore denied.

71. FirstEnergy avers that the August 2019 bankruptcy settlement speaks for itself. FirstEnergy denies the remaining allegations in Paragraph 71.

72. FirstEnergy avers that Paragraph 72 purports to reference a PJM analysis, which speaks for itself. FirstEnergy denies the remaining allegations in Paragraph 72.

73. FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 73, which are therefore denied.

74. FirstEnergy avers that Paragraph 74 purports to reference HB 6 and selectively quote the Ohio Manufacturers' Association, including a quote from FirstEnergy Corp.'s former CEO, which speak for themselves. FirstEnergy denies or lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 74.

75. FirstEnergy avers that Paragraph 75 purports to reference HB 6 and a PJM estimation, which speak for themselves. FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 75.

76.     FirstEnergy denies the allegations in Paragraph 76 to the extent they refer to actions by FirstEnergy and is otherwise without knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 76, which are therefore denied.

77.     FirstEnergy denies the allegations in Paragraph 77.

78.     FirstEnergy denies the allegations in Paragraph 78 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 78, which are therefore denied.

79.     FirstEnergy denies the allegations in Paragraph 79 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 79, which are therefore denied.

80.     FirstEnergy denies the allegations in Paragraph 80 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 80, which are therefore denied.

81.     FirstEnergy denies the allegations in Paragraph 81 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 81, which are therefore denied.

82.     FirstEnergy denies the allegations in Paragraph 82 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 82, which are therefore denied.

83.     FirstEnergy denies the allegations in Paragraph 83 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 83, which are therefore denied.

84. FirstEnergy denies the allegations in Paragraph 84 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 84, which are therefore denied.

85. FirstEnergy denies the allegations in Paragraph 85 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 85, which are therefore denied.

86. FirstEnergy denies the allegations in Paragraph 86 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 86, which are therefore denied.

87. FirstEnergy denies the allegations in Paragraph 87 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 87, which are therefore denied.

88. FirstEnergy denies the allegations in Paragraph 88 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 88, which are therefore denied.

89. FirstEnergy denies the allegations in Paragraph 89 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 89, which are therefore denied.

90. FirstEnergy denies the allegations in Paragraph 90 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 90, which are therefore denied.

91. FirstEnergy denies the allegations in Paragraph 91 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 91, which are therefore denied.

92. FirstEnergy incorporates its previous responses by reference.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.

93. FirstEnergy is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 93, which are therefore denied.

94. FirstEnergy admits that FirstEnergy are FirstEnergy Service Company are corporate entities and that the Individual Defendants are natural people.  Except as expressly admitted, the allegations in this paragraph are denied.

95. FirstEnergy denies the allegations in Paragraph 95 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 95, which are therefore denied.

96. FirstEnergy denies the allegations in Paragraph 96.

97. FirstEnergy denies the allegations in Paragraph 97.  FirstEnergy also avers that Paragraph 97 purports to reference the Charging Documents, which speak for themselves. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.

98. FirstEnergy denies the allegations in Paragraph 98.  FirstEnergy also avers that Paragraph 98 purports to reference the Charging Documents, which speak for themselves. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.

99. FirstEnergy denies the allegations in Paragraph 99.

100. FirstEnergy denies the allegations in Paragraph 100.

101. FirstEnergy denies the allegations in Paragraph 101.

102. FirstEnergy denies the allegations in Paragraph 102.

103. FirstEnergy denies the allegations in Paragraph 103 to the extent they refer to actions by individual Defendants James F. Pearson, Steven E. Strah, and K. Jon Taylor. FirstEnergy is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 103, which are therefore denied.

104. FirstEnergy avers that Paragraph 104 purports to reference the Charging Documents, which speak for themselves. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. FirstEnergy denies the remaining allegations in Paragraph 104. Except as expressly admitted, the allegations in this paragraph are denied.

105. FirstEnergy avers that Paragraph 105 purports to reference the Charging Documents, which speak for themselves. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. FirstEnergy denies the remaining allegations in Paragraph 105. Except as expressly admitted, the allegations in this paragraph are denied.

106. FirstEnergy avers that Paragraph 106 purports to reference the Charging Documents, which speak for themselves. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. FirstEnergy denies the remaining allegations in Paragraph 106. Except as expressly admitted, the allegations in this paragraph are denied.

107. FirstEnergy denies the allegations in Paragraph 107.

108. FirstEnergy denies the allegations in Paragraph 108.

109. FirstEnergy incorporates its previous responses by reference. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.

110.     FirstEnergy denies the allegations in Paragraph 110.

111.     FirstEnergy denies the allegations in Paragraph 111.

112.     FirstEnergy denies the allegations in Paragraph 112 to the extent they refer to actions by FirstEnergy and is otherwise without sufficient knowledge or information to forma belief as to the remaining allegations in Paragraph 112, which are therefore denied.

113.     FirstEnergy denies the allegations in Paragraph 113.

114.     FirstEnergy incorporates its previous responses by reference.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.

115.     FirstEnergy denies the allegations in Paragraph 115.

116.     FirstEnergy incorporates its previous responses by reference.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.

117.     FirstEnergy denies the allegations in Paragraph 117.

118.     FirstEnergy incorporates its previous responses by reference.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.

119.     FirstEnergy denies the allegations in Paragraph 119.

118.     FirstEnergy denies the allegations in Paragraph 118.[1]

119.     FirstEnergy denies the allegations in Paragraph 119.

120.     FirstEnergy denies the allegations in Paragraph 120.

---

[1] The Consolidated Complaint has two Paragraphs numbered 118.  Additionally, "119" appears within the first Paragraph 118 signaling an additional Paragraph 119.  FirstEnergy's answers are in the same order of the allegations in the Consolidated Complaint.

121.    FirstEnergy also demands a trial by jury for all claims in this Consolidated Complaint so triable.

The remainder of the Consolidated Complaint contains Plaintiffs' prayer for relief, to which no response is required. To the extent one is required, FirstEnergy denies any allegations in Plaintiffs' prayer for relief and further avers that Plaintiffs are not entitled to the relief sought, or any relief, in this action.

Unless expressly admitted, each and every allegation in the Consolidated Complaint is denied.

## ADDITIONAL DEFENSES

FirstEnergy sets forth the following Additional Defenses to the Consolidated Complaint. FirstEnergy reserves the right to assert further additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

1.      Any alleged injury or damages sustained by Plaintiffs were not proximately caused by FirstEnergy but by several independent intervening causes.

2.      Plaintiffs' claims are barred to the extent that Plaintiffs lack standing to assert any of the causes of action and/or forms of recovery contained in the Complaint.

3.      Plaintiffs' claims are barred by the filed-rate doctrine.

4.      Plaintiffs' claims are barred to the extent that there is no cognizable legal injury, including no injury, loss, or damage.

5.      Plaintiffs' Consolidated Complaint should be dismissed on the ground that Plaintiffs may have failed to join necessary and indispensable parties under Federal Rule of Civil Procedure 19.

6.      Plaintiffs' claims are barred by the First Amendment of the United States Constitution.

7.      Plaintiffs' claims are barred by Section 11 of the Ohio Constitution.

8.     Plaintiffs' claims may not be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

9.     Plaintiffs' claims are barred to the extent that FirstEnergy does not owe a statutory or common law duty to Plaintiffs.

10.     Plaintiffs' Consolidated Complaint should be dismissed for failure to state a claim upon which relief can be granted.

11.     FirstEnergy incorporates by reference any defenses asserted by any other defendant to the extent applicable to FirstEnergy.

## **PRAYER FOR RELIEF**

WHEREFORE, FirstEnergy prays as follows:

1.     That the Court enter judgment in favor of FirstEnergy;

2.     That the Consolidated Complaint be dismissed in its entirety with prejudice;

3.     That FirstEnergy shall recover all costs of suit and reasonable attorneys' fees incurred herein;

4.     That Plaintiffs take nothing by reason of the Consolidated Complaint; and

5.     For such other and further relief as the Court deems just and proper.

March 10, 2021

Respectfully submitted,

/s/     *Michael R. Gladman*

Michael R. Gladman (0059797)
*Trial Attorney*
Tiffany D. Lipscomb-Jackson (0084382)
M. Ryan Harmanis (0093642)
Margaret M. Dengler (0097819)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio  43215
Telephone:  (614) 469-3939
mrgladman@jonesday.com
tdlipscombjackson@jonesday.com
rharmanis@jonesday.com
mdengler@jonesday.com

Yaakov M. Roth (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
yroth@jonesday.com

*Counsel for Defendants FirstEnergy Corp.,*
*FirstEnergy Service Company, James F. Pearson,*
*Steven E. Strah, and K. Jon Taylor*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

*/s/ Michael R. Gladman*

*Counsel for Defendants FirstEnergy Corp.,*
*FirstEnergy Service Company, James F. Pearson,*
*Steven E. Strah, and K. Jon Taylor*