# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JACOB SMITH, | ) Case No. 2:20-cv-03755 |
| | ) |
| Plaintiff, | ) Judge Edmund A. Sargus |
| | ) Magistrate Judge Kimberly A. Jolson |
| v. | ) |
| | ) |
| FIRSTENERGY CORP., *et al.*, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| JAMES BULDAS, | ) Case No. 2:20-cv-03987 |
| | ) |
| Plaintiff, | ) Judge Edmund A. Sargus |
| | ) Magistrate Judge Kimberly A. Jolson |
| v. | ) |
| | ) |
| FIRSTENERGY CORP., *et al.*, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| BRIAN HUDOCK and CAMEO COUNTERTOPS, INC., | ) Case No. 2:20-cv-03954 |
| | ) |
| | ) Judge Edmund A. Sargus |
| Plaintiffs, | ) Magistrate Judge Kimberly A. Jolson |
| | ) |
| v. | ) |
| | ) |
| FIRSTENERGY CORP., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' *CONTINGENT* RULE 30(b)(6) DEPOSITION OF FIRSTENERGY CORP.**

**AND FIRSTENERGY SERVICE COMPANY**

Plaintiffs hereby give notice that they will take the deposition, by stenographic means, of the witness or witnesses designated by the Defendants FirstEnergy Corp. and FirstEnergy Service Company for purposes of representing the corporation, pursuant to Fed.R.Civ.P. 30(b)(6).  The deposition shall be taken remotely on April 15, 2021, 2021 at 10 AM and the proffered witnesses will appear at a convenient location of the Defendants' choosing.  The deposition shall continue from day-to-day until completed, and the parties are invited to attend as permitted by the Federal Rules of Civil Procedure.  *Please note that this notice is contingent on the noticed defendants' responses to discovery served on defendants directed to issues related to class certification. Based upon a review of responses to those discovery requests, this deposition notice may be withdrawn.*

**DEFINITIONS**

1. As used herein, "identify," when used with reference to a natural person, shall require a statement of such person's full name, present or last known business and home addresses, present or last known position or business affiliation, and position or business affiliation at the time in question.

"Identify," when used with reference to any other entity, shall require a statement of its full name and the address of its principal place of business.

"Identify," when used with reference to a document, shall require a statement of its name or title, its date, the identity of the person(s) who authored or signed it, the identity of the person(s) to whom it was addressed or sent, its present location, the identity of its present custodian, and a brief description of its contents.  If any such document was, but is no longer, in Defendants, **FirstEnergy Corp., FirstEnergy Service Co., James F. Pearson, Steven E.**

**Strah, K. Jon Taylor, Charles E. Jones** and **Michael Dowling's**, possession or control or in existence, state whether it:

      a.      is missing or lost,

      b.      has been destroyed,

      c.      has been transferred to others, or

      d.      was otherwise disposed of,

and, in each instance, explain the reason for and circumstances surrounding the disposition thereof and state the approximate date of such disposition.

2. The term "document" shall mean any written, printed, typed, recorded, transcribed, or graphic matter, electronic record contained in the cloud, on computer servers, CD's, electronic data cards or filings, however produced or reproduced, which is in your possession, or any third party contractor's possession for storage on or off defendants' premises, custody or control or is known to exist, including, but not limited to, any contract, agreement, draft contract, draft agreement, correspondence, letter, e-mail communication, memorandum, diary, log or log book, summary or record of telephone conversation, summary or record of personal conversation or interview, summary or record of meeting or conference, handwritten note, report, study, analysis, minutes of meeting, computer tapes, discs, audio or video tape, and other electronic or mechanical recordings relating in any way to the subject matter of this request. This definition includes every version of every document, such as copies of a printed document with different handwritten notations and superseded drafts.

3. The term "person" shall mean all natural persons and all entities including, but not limited to, any individual, firm, corporation, company, association, partnership, business, public agency, department of any other form of public, private or legal entity.

4. The terms "possession, custody or control" include the joint or individual possession, custody or control by Defendants or by any other person acting or purporting to act on behalf of Defendants, whether as employee, attorney, accountant, sponsor, spokesperson or otherwise.

5. The terms "you" or "your" refers to Defendants, **FirstEnergy Corp., FirstEnergy Service Co., James F. Pearson, Steven E. Strah, K. Jon Taylor, Charles E. Jones** and **Michael Dowling**.

6. The term "Householder Enterprise" refers Larry Householder, Jeffrey Longstreth, Neil Clark, Matthew Borges, Juan Cespedes, and Generation Now.

7. The term "ZEN Legislation" (Zero-Emissions Nuclear Resource Program) refers to the Bill considered during the 2017-18 General Assembly As outlined in House Bill 178, Senate Bill 128 and House Bill 381.

8. The term "HB 6" refers to that House Bill passed by the 2019-2020 General Assembly and otherwise captioned The Ohio Clean Air Program.

9. The term "Team Householder" refers to Ohio State Representatives Brian Baldridge, Jamie Callender, Jon Cross, Brett Hillyer, Don Jones, Jena Powell, Tracy Richardson, Bill Roemer, J. Todd Smith and Shane Wilken, as well as unsuccessful candidates the Householder Enterprise sought to have elected to the Ohio House of Representatives.

10. The term "relevant time" or "relevant time period" means from January 2016 to the present.

The designated witness(es) shall be knowledgeable regarding the following topics:

1. The total amount of legacy generation fees collected by all of the FirstEnergy EDUs pursuant to O.R.C. § 4928.148(A) of HB 6 and the FirstEnergy filed Legacy Generation Rider, which can be found at https://www.firstenergycorp.com/content/dam/customer/Customer%20Choice/Files/Ohio/tariffs/OE2020-Electric-Service.pdf at p. 135.

2. The total amount of additional legacy generation fees which you forecast, believe, or estimate will be collected in 2021 from the ratepayers of FirstEnergy' EDUs.

3. The total number of ratepayers of FirstEnergy's EDUs who have paid legacy generation fees.

4. The process by which one would identify the ratepayers of FirstEnergy's EDUs who have paid legacy generation fees.

5. The total amount of decoupling or rate stabilizing fees authorized by O.R.C. § 4928.471 of HB 6 collected by all of the FirstEnergy EDUs.

6. Absent an agreement with the Ohio Attorney General not to collect additional decoupling or rate stabilizing fees authorized by O.R.C. § 4928.471 of HB 6, the total amount of such fees you forecast, believe, or estimate that you would have collected in 2021 from the ratepayers of FirstEnergy EDUs.

7. The total number of ratepayers of FirstEnergy's EDUs who have paid the decoupling or rate stabilizing fees authorized by O.R.C. § 4928.471 of HB 6.

8. The process by which one would identify the ratepayers of FirstEnergy's EDUs who have paid the decoupling or rate stabilizing fees authorized by O.R.C. § 4928.471 of HB 6.

9. Absent the temporary injunction issued by an Ohio Court of Common Pleas and corresponding action taken by the Ohio Utilities Commission, the total nuclear generation fees authorized by O.R.C. § 3706.46(A)-(B) of HB 6 that you forecast, believe, or estimate that all Ohio customers would have paid in 2021.

10. The total number of Ohio ratepayers who, in 2021, would have paid nuclear generation fees as authorized by O.R.C. § 3706.46(A)-(B) of HB 6.

5

11. The process by which one would identify the ratepayers of FirstEnergy's EDUs who would have paid the nuclear generation fees absent the temporary injunction issued by an Ohio Court of Common Pleas and corresponding action taken by the Ohio Utilities Commission, state the total nuclear generation fees authorized by O.R.C. § 3706.46(A)-(B)?

12. Any, challenges these defendants foresee in managing this case as a Class Action as that term is used in Rule 23, FRCP.

                                                Respectfully submitted,

*s/ Dennis E. Murray, Jr.*
Dennis E. Murray, Jr. (0038509)
Margaret M. Murray (0066633)
William H. Bartle (0008795)
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, Ohio 44870-2517
Direct Dial: (419) 624-3126
Facsimile: (419) 624-0707
dmj@murrayandmurray.com
mmm@murrayandmurray.com
whb@murrayandmurray.com

*Counsel for Plaintiff Jacob Smith*

*s/ Richard M. Kerger*
Richard M. Kerger (0015864)
4159 N. Holland Sylvania Road, Suite 101
Toledo, Ohio 43623
Telephone: (419) 255-5990
rkerger@kergerlaw.com

Marvin A. Miller (1916769)
Andrew Szot (6274264)
MILLER LAW, LLC
115 South LaSalle Street, Suite 2910
Chicago, Illinois 60603
Telephone: (312) 332-3400
mmiller@millerlawllc.com
aszot@millerlawllc.com

Kevin P. Roddy (175362)
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
Telephone: (732) 636-8000
kroddy@wilentz.com

*Counsel for James Buldas, Brian Hudock, and Cameo Countertops, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

*s/ Dennis E. Murray, Jr.*
Dennis E. Murray, Jr. (0038509)
MURRAY & MURRAY CO., L.P.A.

*Counsel for Plaintiff Jacob Smith*
