IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JACOB SMITH,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**FIRSTENERGY CORP. AND FIRSTENERGY SERVICE CO.,**<br><br>　　　　　　**Defendants.** | |
| **BRIAN HUDOCK AND CAMEO COUNTERTOPS, INC.,**<br><br>　　　　　　**Plaintiffs,**<br><br>v.<br><br>**FIRSTENERGY CORP.,** *et al.***,**<br><br>　　　　　　**Defendants.** | **Case Nos. 2:20-cv-03755, 03954, 03987**<br><br>**Judge Edmund A. Sargus**<br><br>**Magistrate Judge Kimberly A. Jolson** |
| **JAMES BULDAS,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**FIRSTENERGY CORP.,** *et al.***,**<br><br>　　　　　　**Defendants.** | |

**FIRSTENERGY DEFENDANTS' MOTION TO RECONSIDER
OR VACATE ORDER GRANTING MOTION TO CERTIFY CLASS**

For the reasons in the accompanying memorandum, Defendants FirstEnergy Corp., FirstEnergy Service Co., Steven E. Strah, and K. Jon Taylor respectfully move the Court to reconsider and withdraw or vacate its order (ECF 73) granting Plaintiffs' motion for class certification (ECF 62). While the Court described the latter motion as "unopposed," Defendants' deadline to respond to the

motion under the governing Scheduling Order has yet to pass and, accordingly, the motion was not ripe for decision.  The FirstEnergy Defendants intend, and have the right, to respond to the class certification motion by the deadline outlined in the Scheduling Order, and to have the Court consider that response.  *See* ECF 43, Scheduling Order ¶ 4(e).  The FirstEnergy Defendants therefore file this motion to correct a clear error and prevent the manifest injustice that would result from granting Plaintiffs' unripe motion for class certification.

November 12, 2021

Respectfully submitted,

/s/      Michael R. Gladman
Michael R. Gladman (0059797)
    *Trial Attorney*
Tiffany D. Lipscomb-Jackson (0084382)
M. Ryan Harmanis (0093642)
Margaret M. Dengler (0097819)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio  43215
Telephone:  (614) 469-3939
mrgladman@jonesday.com
tdlipscombjackson@jonesday.com
rharmanis@jonesday.com
mdengler@jonesday.com

Yaakov M. Roth (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
yroth@jonesday.com

*Counsel for Defendants FirstEnergy Corp., FirstEnergy Service Co., Steven E. Strah, and K. Jon Taylor*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>                Plaintiff,<br><br>v.<br><br>FIRSTENERGY CORP. AND FIRSTENERGY SERVICE CO.,<br><br>                Defendants. | |
| BRIAN HUDOCK AND CAMEO COUNTERTOPS, INC.,<br><br>                Plaintiffs,<br><br>v.<br><br>FIRSTENERGY CORP., *et al.*,<br><br>                Defendants. | **Case Nos. 2:20-cv-03755, 03954, 03987**<br><br>**Judge Edmund A. Sargus**<br><br>**Magistrate Judge Kimberly A. Jolson** |
| JAMES BULDAS,<br><br>                Plaintiff,<br><br>v.<br><br>FIRSTENERGY CORP., *et al.*,<br><br>                Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER
OR VACATE ORDER GRANTING MOTION TO CERTIFY CLASS**

## INTRODUCTION

The FirstEnergy Defendants respectfully ask the Court to withdraw or vacate its order granting Plaintiffs' motion for class certification (the "Certification Order") because the Court issued it before Defendants' response to the motion was due. Under the Scheduling Order, Defendants' response is due "30 days after … the transcripts from all depositions of named Plaintiffs and Plaintiffs' experts are available." ECF 43 ("Scheduling Order") ¶ 4(e). Those depositions have not yet occurred; accordingly, Defendants' deadline to respond has not yet passed. The Court was therefore mistaken when it understood the class certification motion to be "unopposed." ECF 73 at 3. The motion is very much opposed, and the FirstEnergy Defendants have a right to submit their written opposition and accompanying materials by the deadline set forth in the Scheduling Order. Accordingly, the FirstEnergy Defendants ask the Court to withdraw or vacate the Certification Order to allow for responses to the certification motion in the time set by the Scheduling Order.

Plaintiffs have not disputed any of the procedural facts discussed herein, most importantly that the Scheduling Order governs Defendants' response deadline and that the depositions that trigger that deadline have not occurred.

## BACKGROUND

This is a putative class action on behalf of all Ohio ratepayers seeking to recover for allegedly higher electric utility rates that Plaintiffs blame on Defendants' conduct in connection with Ohio's House Bill 6. The named Plaintiffs filed three separate complaints, which the Court consolidated. *See* ECF 16. On March 5, 2021, the Court entered the Scheduling Order to govern the proceedings. Scheduling Order at 2. Among other things, the Scheduling Order established the procedure and timing for discovery and briefing on class certification. *Id.* ¶ 4.

**1.** The Scheduling Order directed Plaintiffs to serve written class discovery by March 15, 2021, and for Defendants to respond within 30 days. *Id.* ¶ 4(a). Plaintiffs' deadline to move for certification

1

was 15 days after they received Defendants' responses and the parties resolved any objections thereto. *Id.* Plaintiffs served discovery on March 12; Defendants responded on April 12. The parties then worked to resolve issues related to Plaintiffs' discovery requests in May and June 2021. Plaintiffs moved for class certification on June 28, 2021. ECF 62.

The Scheduling Order then contemplates that Defendants will conduct class discovery. *See* Scheduling Order ¶¶ 4(b)–(c). Crucially, it tethers Defendants' deadline to respond to the motion for class certification to the depositions of the named Plaintiffs. Specifically, responses to the certification motion are due "30 days after the later of (1) the transcripts from all depositions of named Plaintiffs and Plaintiffs' experts are available or (2) Plaintiffs have provided responses to all written discovery and all objections have been resolved by final judicial order." Scheduling Order ¶ 4(e). Depositions of the named Plaintiffs have not yet occurred. (Plaintiffs did not designate any experts.)

**2.** Although it does not matter for purposes of the deadline, class discovery has taken longer than anticipated for two reasons. ***First***, shortly after the Plaintiffs filed the class certification motion, the parties agreed to pursue potential case resolution and, on July 9, 2021, agreed to postpone the period for Defendants to serve and Plaintiffs to respond to class discovery pending those negotiations. When discussions stalled, the parties resumed class discovery. Defendants served written discovery requests on August 9; Plaintiffs responded on September 8.

***Second***, while the parties were discussing deposition dates for the named Plaintiffs, Plaintiffs communicated to Defendants that they had "decided to bring Energy Harbor into the litigation" and explained that this development would "***inevitably delay class certification and plaintiffs' depositions***." Ex. A (Sept. 17, 2021 email) (emphasis added). Defendants agreed to wait for Plaintiffs' amended complaint. Plaintiffs moved to amend their complaint on September 27, 2021. *See* ECF 69.

**3.** On November 9, 2021, the Court issued an order granting Plaintiffs' motion for class certification and describing that motion as "unopposed" (ECF 73 at 3), even though Defendants' deadline to respond has not passed and Defendants do intend to oppose class certification. The next day, the Court granted Plaintiffs' motion to amend their complaint. ECF 74.

The FirstEnergy Defendants now move the Court to withdraw or vacate the Certification Order to allow Defendants a fair opportunity to respond in the time permitted by the Scheduling Order—namely, after they depose the named Plaintiffs. Defendants have discussed this motion with Plaintiffs, and Plaintiffs do not dispute any of the above facts; that the Scheduling Order governs the deadline for when Defendants must respond to their motion for class certification; or that the triggering event for setting that deadline—depositions of named Plaintiffs—has not occurred. It would be manifestly unfair, and a violation of Due Process, to grant class certification without allowing Defendants to respond to the motion within the time set forth in the Scheduling Order.

## ARGUMENT

"A district court's authority to reconsider its previous orders has been recognized to afford such relief as justice requires." *Snyder Computer Sys., Inc. v. U.S. Dep't of Transp.*, No. 2:12-CV-1140, 2014 WL 5035575, at *1 (S.D. Ohio Oct. 8, 2014) (Sargus, J.). "Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules." *Id.* (citing *Rodriguez v. Term. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Thus, "district courts have authority ... to reconsider interlocutory orders and to reopen any part of a case before entry of a final judgment." *Ne. Ohio Coal. for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009). Courts will grant reconsideration "when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice." *Snyder*, 2014 WL 5035575, at *1.

Respectfully, the Court should grant reconsideration to correct a clear error and prevent the manifest injustice that would result from granting Plaintiffs' motion for class certification before Defendants' response was due. The Court should allow Defendants to respond in the time set by the Scheduling Order before ruling on the motion. *See United States v. Hess*, 982 F.2d 181, 185 (6th Cir. 1992) (vacating order granting motion when court ruled before time for response had passed).

***First***, Defendants have a right to oppose Plaintiffs' motion for class certification under both the Local Rules and the Scheduling Order. *See* S.D. Ohio Loc. R. 7.2(a)(2) (opposition memoranda); Scheduling Order ¶ 4(e) (opposition to motion for class certification). The Scheduling Order provides that such response is not due until "30 days after **the later of** (1) the transcripts from all depositions of named plaintiffs and Plaintiffs' experts are available" or (2) Plaintiffs' responses to written discovery. Scheduling Order ¶ 4(e) (emphasis added). Defendants' response is not yet due because they have not yet deposed the named Plaintiffs and received the deposition transcripts.

Both parties understood the Scheduling Order that way. Indeed, Plaintiffs told Defendants that their filing of an amended complaint would "delay" both the named Plaintiffs' depositions **and**, accordingly, "class certification." Ex. A. So while the Local Rules permit "granting any motion that would not result in entry of final judgment" when a party "fail[s] to file a memorandum in opposition," S.D. Ohio Loc. R. 7.2(a)(2), Defendants did **not** fail to file an opposition, and Plaintiffs' motion is **not** "unopposed" (ECF 73 at 3). Rather, a condition necessary to trigger the deadline for Defendants' opposition—receipt of the transcripts from the named Plaintiffs' depositions—has not occurred. *See* Scheduling Order ¶ 4(e).

***Second,*** Defendants cannot fairly respond to Plaintiffs' motion for class certification until they depose the named Plaintiffs. Rule 23 permits class certification only if, among other things, "the claims and defenses of the representative parties are typical of the claims or defenses of the class."

Fed. R. Civ. P. 23(a)(3).  Defendants cannot contest this element (or others) without the opportunity to depose the named Plaintiffs and test whether their claims are representative.

**Finally**, the Court should vacate the Certification Order because no prejudice will result.  As shown by their statement that amending the complaint would delay the named Plaintiffs' depositions and "class certification," Plaintiffs have always understood that Defendants' opposition is not yet due. *See* Ex. A.  Vacating the Certification Order also will allow the Court to consider full briefing and evidence from both sides in deciding whether to certify a class.  Last, the relief Defendants request will not delay resolution of this case because discovery does not close until "120 days after the completion" of the related criminal matters, which are still ongoing.  Scheduling Order ¶ 7(a).

## CONCLUSION

For these reasons, the Court should grant the motion, vacate or withdraw the Certification Order, and permit Defendants to respond to the motion for class certification consistent with the Scheduling Order—30 days after the transcripts of the named Plaintiffs' depositions are available.  If the Court has any questions regarding this motion or the facts supporting it, Defendants respectfully request a status conference to address the Court's concerns.

November 12, 2021

Respectfully submitted,

*/s/     Michael R. Gladman*
Michael R. Gladman (0059797)
   *Trial Attorney*
Tiffany D. Lipscomb-Jackson (0084382)
M. Ryan Harmanis (0093642)
Margaret M. Dengler (0097819)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio  43215
Telephone:  (614) 469-3939
mrgladman@jonesday.com
tdlipscombjackson@jonesday.com
rharmanis@jonesday.com
mdengler@jonesday.com

Yaakov M. Roth (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
yroth@jonesday.com

*Counsel for Defendants FirstEnergy Corp., FirstEnergy Service Co., Steven E. Strah, and K. Jon Taylor*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

*/s/ Michael R. Gladman*

*Counsel for Defendants FirstEnergy Corp., FirstEnergy Service Co., Steven E. Strah, and K. Jon Taylor*