# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JACOB SMITH, | ) | Case No. 2:20-cv-03755 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Judge Edmund A. Sargus<br>Magistrate Judge Kimberly A. Jolson |
| FIRSTENERGY CORP., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| JAMES BULDAS, | ) | Case No. 2:20-cv-03987 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Judge Edmund A. Sargus<br>Magistrate Judge Kimberly A. Jolson |
| FIRSTENERGY CORP., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| BRIAN HUDOCK and CAMEO COUNTERTOPS, INC., | ) ) ) | Case No. 2:20-cv-03954 |
| Plaintiff, | ) ) | Judge Edmund A. Sargus<br>Magistrate Judge Kimberly A. Jolson |
| v. | ) ) ) | |
| FIRSTENERGY CORP., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANT JAMES F. PEARSON'S MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendant James F. Pearson, by and through his undersigned counsel, hereby moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against him in the Consolidated Amended Class Action Complaint (Counts I, II, III, and V) (Docket Entry 81).

In support of his Motion, Pearson incorporates and relies on the accompanying memorandum of law.

Dated:  November 24, 2021                                   Respectfully submitted,

                                                    */s/ Timothy D. Katsiff*  
                                                    Timothy D. Katsiff (admitted *pro hac vice*)  
                                                    katsifft@ballardspahr.com  
                                                    David L. Axelrod (admitted *pro hac vice*)  
                                                    axelrodd@ballardspahr.com  
                                                    Jeremy R. Teaberry (ID No. 0082870)  
                                                    teaberryj@ballardspahr.com  
                                                    Emilia McKee Vassallo (admitted *pro hac vice*)  
                                                    mckeevassalloe@ballardspahr.com  
                                                    BALLARD SPAHR LLP  
                                                    1735 Market Street, 51st Floor  
                                                    Philadelphia, PA  19103-7599  
                                                    Telephone:  (215) 665-8500  
                                                    Facsimile:   (215) 864-8999


                                                    *Attorneys for Defendant James F. Pearson*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JACOB SMITH, | ) | Case No. 2:20-cv-03755 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Edmund A. Sargus |
| v. | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| FIRSTENERGY CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JAMES BULDAS, | ) | Case No. 2:20-cv-03987 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Edmund A. Sargus |
| v. | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| FIRSTENERGY CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BRIAN HUDOCK and CAMEO COUNTERTOPS, INC., | ) | Case No. 2:20-cv-03954 |
| | ) | |
| Plaintiff, | ) | Judge Edmund A. Sargus |
| | ) | Magistrate Judge Kimberly A. Jolson |
| v. | ) | |
| | ) | |
| FIRSTENERGY CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAMES F. PEARSON'S MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION <u>COMPLAINT</u>**

Defendant James F. Pearson ("Pearson"), by and through his undersigned counsel, respectfully submits the below Memorandum of Law in Support of his Motion to Dismiss the

Consolidated Amended Class Action Complaint (the "Amended Complaint") (Docket Entry "DE" 81).[1]

## I.     INTRODUCTION

Plaintiffs have filed suit against FirstEnergy Corporation ("FirstEnergy") and a number of its current and former officers, including Pearson. However, the Amended Complaint fails to articulate any legally cognizable claims against Pearson. In fact, the Amended Complaint is completely devoid of even one particularized allegation of conduct by Pearson that could support any kind of claim.

In sum, the Amended Complaint mentions Pearson in only two, completely benign, allegations. First, the introductory paragraph alleges that Pearson and the other Individual Defendants were "hands-on managers" of FirstEnergy. Second, paragraph 8 alleges that Pearson was FirstEnergy's Chief Financial Officer ("CFO") until March 2018 and he retired from FirstEnergy in April 2019.

Nowhere does the Amended Complaint allege any facts giving rise to any inference that Pearson participated in the alleged bribery scheme concerning the passage of House Bill 6 ("HB 6"), knew about the scheme or alleged illicit payments by FirstEnergy, or that Pearson engaged in an enterprise or any of the asserted predicate acts in furtherance of the alleged scheme. This is not surprising. Pearson had ceased serving as FirstEnergy's CFO, and ultimately retired from the Company on April 1, 2019. The Ohio legislature did not even introduce HB 6 until April 12, 2019. Am. Compl. ¶¶ 8, 67.

---

[1]     Pearson recognizes this Court has previously denied the FirstEnergy Motion to Dismiss (DE 35) (the "FirstEnergy Motion"). By making this Motion, Pearson does not seek to rehash the arguments made in the FirstEnergy Motion. Pearson now seeks dismissal based on a separate ground, namely that the Amended Complaint contains no allegations that he personally engaged in any illicit act.

Instead of alleging facts against Pearson, Plaintiffs impermissibly rely on vague, general allegations against "Individual Defendants." This is insufficient to survive a motion to dismiss. Group pleading, such as what Plaintiffs have engaged in here, does not satisfy the pleading standards of Federal Rules of Civil Procedure 12(b)(6) or 9(b).

For these reasons, all of the claims against Pearson in the Amended Complaint (Counts I, II, III, V) must be dismissed in their entirety.

## II.　ARGUMENT

In order to survive Pearson's motion to dismiss, the Amended Complaint must plead facts that, if true, are sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint … does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Thus, a complaint alleging conspiracy must include "enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 556. A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs must plead sufficient facts for "the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts accept well-pleaded factual allegations, but not bare conclusions. *Id.*

Plaintiffs' allegations against Pearson are insufficient as a matter of law under Rule 8's pleading standards, not to mention the heightened pleading standard of Rule 9(b) that applies to this case. "Rule 9(b)'s heightened pleading standard [] comes into play" regarding activity "sound[ing] in fraud," such as mail fraud, wire fraud, or money laundering. *Compound Prop. Mgmt., LLC v. Build Realty, Inc.*, 462 F. Supp. 3d 839, 857 (S.D. Ohio 2020) (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)). For such claims, Plaintiffs must

"describe with particularity the circumstances constituting the fraud" as well as a "specific intent to defraud." *Van Dorn Co., Central States Can Co. Div. v. Howington*, 623 F. Supp. 1548, 1555 (N.D. Ohio 1985); *see also Arnold v. Alphatec Spine, Inc.*, No. 1:13-cv-714, 2014 U.S. Dist. LEXIS 87079, at *42 (S.D. Ohio June 26, 2014); *Raymo v. FCA US LLC*, 475 F. Supp. 3d 680, 702–03 (E.D. Mich. 2020). Plaintiffs have pled no particularized facts with respect to any conduct by Pearson that come close to satisfying the pleading standards of Rule 9(b).

Plaintiffs' claims against Pearson fail because there are <u>zero</u> particularized allegations that Pearson engaged in any of the alleged unlawful acts, or that he conspired to do so.

### A. "Group Pleading" is Impermissible and Plaintiffs' General Allegations Against Pearson are Insufficient to State a RICO Claim (Count I)

Rather than specifying what Pearson did, the Amended Complaint lumps Pearson in with all the other "Individual Defendants." This "group pleading" is insufficient to state a claim against Pearson under RICO.

To survive a motion to dismiss on a civil RICO claim under 18 U.S.C. § 1962(c), a plaintiff must plausibly allege, <u>as to each</u> defendant, that the defendant: (i) conducted, (ii) an enterprise, (iii) through a pattern (i.e., two or more acts), of (iv) racketeering activity. *See Compound Prop. Mgmt., LLC*, 462 F. Supp. 3d at 855 (quoting *In re Classic Star Mare Lease Litig.*, 727 F.3d 473, 483 (6th Cir. 2013)).[2] A Plaintiff must allege with particularity each of

---

[2]   Plaintiffs assert claims both under RICO and the Ohio equivalent statute, the "Ohio Corrupt Practices Act" ("OCPA"). Because the OCPA "is modeled after the federal RICO statute," *Bradley v. Miller*, 96 F. Supp. 3d 753, 770 (S.D. Ohio 2015), Pearson's arguments for dismissing the federal RICO claim apply equally to the OCPA claim. *See also Herakovic v. Catholic Diocese*, No. 85467, 2005 Ohio App. LEXIS 5388, at *18 (8th Dist. Ohio Nov. 10, 2005) (applying federal proximate causation analysis to OCPA claims "[b]ecause [the OCPA] is patterned after the federal RICO law"). Therefore, the Court "may appropriately address both Ohio and federal RICO claims together under federal law." *Arnold*, 2014 U.S. Dist. LEXIS 87079, at *46 n.7.

4

these elements against each defendant to validly state a claim. *Heinrich v. Waiting Angels Adoptions Servs.*, 668 F.3d 393, 404 (6th Cir. 2012).

By relying exclusively on group pleading with respect to all "Individual Defendants," however, Plaintiffs fail to establish Pearson participated in an enterprise or engaged in a pattern of racketeering activity.[3] "Group pleading," or the concept of making allegations against a group of defendants as a whole, is not permissible to sustain a RICO claim. *See Compound Prop. Mgmt., LLC*, 462 F. Supp. 3d at 858 ("if a plaintiff seeks to sue multiple defendants under § 1962(c), the plaintiff must adequately allege *as to each defendant*" the requisite elements of a RICO claim) (emphasis added); *Kerrigan v. Visalus, Inc.*, 112 F. Supp. 3d 580, 601 (E.D. Mich. 2015) ("shotgun" allegations of general misconduct by a group of defendants is "not sufficient to state RICO claims against each of them"). Yet, Plaintiffs exclusively rely on this practice in the Amended Complaint. *See, e.g.*, Am. Compl. ¶¶ 8, 13, 33, 35–36, 43, 65, 70, 96–98, 102.

The problem with group pleading is highlighted by Plaintiffs' use of group pleading to attribute acts to Pearson that occurred *after* he retired and left FirstEnergy. For instance, in paragraph 33, the Amended Complaint alleges:

> After the introduction of the bailout legislation, FirstEnergy, which was under the management and control of the *Individual Defendants*, began increasing its payments into Generation Now for the benefit of the Householder Enterprise and its members. On April 30, 2019, roughly two weeks after introduction of the legislation, the Individual Defendants caused FirstEnergy to wire transfer $1.5 million in illicit and unlawful payments to Generation Now. During May 2019, while the controversial legislation was pending before the Ohio Legislature, the Individual Defendants caused FirstEnergy to wire transfer four additional illicit and unlawful payments totaling $8 million. The Householder Enterprise used some of that money for mailers and media advertisements to pressure members of the House to support the legislation; the Householder Enterprise members also used

---

[3] Plaintiffs assert wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), extortion (18 U.S.C. § 1951), money laundering (18 U.S.C. § 1956), unlawful activity (18 U.S.C. § 1957) and bribery (18 U.S.C. § 1952 and Ohio Rev. Code § 2921.02) as predicate acts for racketeering activity. Am. Compl. ¶¶ 104–05.

5

> FirstEnergy's money for their personal benefit, as described in this Consolidated Amended Complaint, in the Criminal Complaint and Indictment, and in the DPA. In the same month that the Householder Enterprise received $8 million in illicit and unlawful payments from FirstEnergy, Householder and other Householder Enterprise members pressured House members to vote for HB 6, and instructed at least one representative to destroy text messages sent by Householder after Householder's attempt to gain support for HB 6 from that representative.

Am. Compl. ¶ 33 (emphasis added). But, by April 30, 2019, Pearson had already retired from the Company. Am. Compl. ¶ 8. The Amended Complaint is replete with paragraphs like this that wrongly attribute actions to Pearson that took place <u>after</u> he retired. *See, e.g.*, Am. Compl. ¶¶ 35, 53 (Individual Defendants caused FirstEnergy and/or Energy Harbor to wire transfer over $38 million in illicit and unlawful payments into Generation Now to defeat the ballot initiative); *id.* ¶ 70 (Householder Enterprise worked closely with Individual Defendants to defeat referendum of HB 6).

Appropriately disregarding the group-pled allegations, the Amended Complaint fails to allege that Pearson undertook a single act, let alone any of the alleged predicate acts, in furtherance of racketeering activity. It is abundantly clear that this group pleading does not meet the lesser requirements of Rule 8, let alone the stricter requirements of Rule 9(b). *See Gordon v. B. Braun Med. Inc.*, No. 1:19-cv-121, 2020 U.S. Dist. LEXIS 53598, at *32 (S.D. Ohio Mar. 27, 2020) (citing *In re Duramax Diesel Litig.*, 298 F. Supp. 3d 1037, 1056 (E.D. Mich. 2018)) (indicating displeasure with "group pleading," particularly with claims subject to Rule 9(b)'s requirements).

Even if the Court were to consider the group-pled allegations—which it should not—Plaintiffs' RICO claim against Pearson still fails. General allegations are insufficient to establish a defendant's specific intent to defraud, which is required to state a RICO claim. *See Hot-Shot Motorworks v. Falicon Crankshaft Components*, No. 3:13-cv-1322, 2014 U.S. Dist. LEXIS

6

11582, at * 14, 18 (N.D. Ohio Jan. 30, 2014) (dismissing RICO claim where plaintiff relied on "general allegations" as opposed to alleging "any specific facts that would allow the Court to infer that Defendant [] *knowingly* entered into the agreement with the intent to defraud") (emphasis in original). Plaintiffs allege the Individual Defendants were all "hands-on managers, overseeing these corporate entities' operations, business practices, and finances." Am. Compl. ¶ 8. But the Amended Complaint does not say what Pearson did or what he knew. Simply alleging a defendant's position within the company does not provide the "particularized facts" necessary to allege a "specific intent to defraud" under Rule 9(b). *See Raymo*, 475 F. Supp. 3d at 704 (finding "must have known" allegations were "too speculative a foundation on which to support an inference" of intent to defraud); *ArmorSource LLC v. Yoav Kapah*, No. 2:18-cv-905, 2019 U.S. Dist. LEXIS 38546, at *10 (S.D. Ohio Mar. 11, 2019) (plaintiffs must allege that a "policy-making officer participated in, had knowledge of, influenced, or controlled any wrongdoing"); *see also Super Vision Int'l, Inc. v. Mega Int'l Commer. Bank Co.*, 534 F. Supp. 2d 1326, 1338 (S.D. Fla. 2008) (quoting *Terry A. Lambert Plumbing, Inc., v. W. Sec. Bank*, 934 F.2d 976, 981 (8th Cir. 1991)) ("Bankers do not become racketeers by acting like bankers.").

Plaintiffs are attempting to hold Pearson liable for a RICO claim simply because he was an officer of the Company. In *Toyz, Inc. v. Wireless Toyz, Inc.*, 799 F. Supp. 2d 737 (E.D. Mich. 2011), the court rejected the idea that a RICO claim against a corporation automatically implicates the corporate officers and employees. *Id.* at 748. The court held that if a "RICO action alleges wrongdoing by corporate employees, the complaint must state how the individual employees were involved in the RICO violation." *Id.* (citing *Palmer v. Nationwide Mut. Ins. Co.*, 945 F.2d 1371, 1376 (6th Cir. 1991)). The RICO claim against Pearson cannot proceed.

### B. Plaintiffs' Conspiracy Claim (Count II) Against Pearson Also Must be Dismissed

Plaintiffs' civil conspiracy claim against Pearson also fails to state a claim. In order to state a claim for civil conspiracy under Ohio law, a plaintiff must show: 1) a malicious combination, 2) involving two or more persons, 3) causing injury to person or property, and 4) the existence of an unlawful act independent from the conspiracy itself. *See Gibson v. City Yellow Cab Co.*, No. 20167, 2001 Ohio App. LEXIS 518, at *9 (Ohio. App. Ct. Feb. 14, 2001); *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998). "An underlying unlawful act is required before a civil conspiracy claim can succeed." *Williams*, 700 N.E.2d at 868.

Here, Plaintiffs claim that the Defendants "conspired" to engage in "unlawful" and "tortious" activity, including acts to commit "fraud" and "theft." Am. Compl. ¶¶ 110–112. Plaintiffs, however, have not alleged any facts that plausibly show that Pearson entered into any "illicit agreement" or "conspired" with any of the other Defendants. The Amended Complaint simply makes no allegations regarding Pearson's agreement concerning any conduct about which Plaintiffs complain. Plaintiffs' civil conspiracy claim must be dismissed.

### C. Plaintiffs' Other Claims Against Pearson (Counts III and V) Fail

Plaintiffs' remaining claims against Pearson contained in Count III (Ohio Rev. Code § 2307.60(A)(1)) and Count V (negligence/gross negligence) also must be dismissed.

Section 2307 allows a plaintiff to recover damages from a person who injured the plaintiff or his/her property by a criminal act. § 2307.60(A)(1). To plead a Section 2307(A)(1) claim, a plaintiff must show a criminal act and damages resulting from the criminal act. *Evans v. Ohio AG*, No. 20CA3927, 2021 Ohio App. LEXIS 1151, at *9–10 (Ohio App. Ct. Mar. 26, 2021). Plaintiffs point to alleged bribery and wire fraud as predicate acts for their Section 2307 recovery, but as established above, Plaintiffs have not sufficiently pled that Pearson personally

8

committed any wrongful act, let alone a criminal act. Pearson's status as a corporate officer does not automatically implicate Pearson in the corporation's alleged wrongdoing, *see Toyz, Inc.*, 799 F. Supp. 2d at 748, especially when an unavoidably significant portion of the purported scheme took place after Pearson left the Company. *See* Am. Compl. ¶¶ 8, 67, 33, 35, 53, 70, 118. The failure to allege Pearson committed a criminal act dictates that this claim must be dismissed. *See Becker v. Cardinal Health, Inc.*, No. 20AP-424, 2021 Ohio App. LEXIS 3712, at *13 (Ohio App. Ct. Oct. 26, 2021) (dismissing Section 2307 claim for failure to plead underlying criminal act); *Olive Oil, L.L.C. v. Cleveland Elec. Illuminating Co.*, No. 109553, 2021 Ohio App. LEXIS 2283, at *29 (Ohio App. Ct. July 8, 2021) ("Olive Oil failed to offer any basis by which we can conclude that CEI committed a criminal act that injured Olive Oil in person or property as required by R.C. 2307.60.").

The negligence claim against Pearson should also be dismissed. Negligence claims require sufficient proof of "the existence of a duty, a breach of the duty and an injury proximately resulting therefrom." *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.*, 543 N.E.2d 769, 772 (Ohio 1989). Nowhere does the Amended Complaint identify any actions or omissions by Pearson that demonstrate a breach of any duty he owed to Plaintiffs. The first and only time the words "duty" and "breach" appear in the Amended Complaint is in Count V, *see* Am. Compl. ¶¶ 118–19,[4] and there the Plaintiffs merely cite to various conclusory statements for a potential duty, none of which are grounded in relevant law, and none of which are alleged to be owed to Plaintiffs by Pearson. *See Mullens v. Binsky*, 719 N.E.2d 599, 602 (Ohio App. Ct. 1998) ("[I]t is incumbent upon the plaintiff to identify a duty owed to plaintiff by the defendant."); *see, e.g.*,

---

[4] The paragraph numbering in the Amended Complaint appears to be incorrect. For the sake of clarity and the Court's convenience, Pearson is referring to the paragraphs on page 48 and 49 of the Amended Complaint detailing the alleged duties and breaches against Defendants.

9

Am. Compl. ¶ 119(a) ("duty to uphold the public trust"); *id.* ¶¶ 119(b), (f) (duty to abide by internal policies and procedures); *id.* ¶ 119(d) ("Such other duties as may be revealed during discovery and/or trial of this matter."). The allegations that Plaintiffs cite to as evidence of a breach are similarly vague, do not reference Pearson by name, and again refer to facts in connection with the alleged HB 6 scheme that took place after Pearson retired. Am. Compl. ¶ 118.

Counts III and V should be dismissed, along with the rest of the claims against Pearson.

### III. CONCLUSION

For the foregoing reasons, Pearson respectfully requests Counts I, II, III and V of the Amended Complaint be dismissed against him.

Dated:  November 24, 2021                     Respectfully submitted,

> */s/ Timothy D. Katsiff*
> Timothy D. Katsiff (admitted *pro hac vice*)
> katsifft@ballardspahr.com
> David L. Axelrod (admitted *pro hac vice*)
> axelrodd@ballardspahr.com
> Jeremy R. Teaberry (ID No. 0082870)
> teaberryj@ballardspahr.com
> Emilia McKee Vassallo (admitted *pro hac vice*)
> mckeevassalloe@ballardspahr.com
> BALLARD SPAHR LLP
> 1735 Market Street, 51st Floor
> Philadelphia, PA  19103-7599
> Telephone:  (215) 665-8500
> Facsimile:   (215) 864-8999
>
> *Attorneys for Defendant James F. Pearson*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2021, a copy of the foregoing document was filed and served electronically on all counsel of record via the CM/ECF system.

*/s/ Timothy D. Katsiff*
Timothy D. Katsiff (admitted *pro hac vice*)

*One of the Attorneys for Defendant James F. Pearson*