# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JACOB SMITH, | ) | Case No. 2:20-cv-03755 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Edmund A. Sargus |
| v. | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| FIRSTENERGY CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JAMES BULDAS, | ) | Case No. 2:20-cv-03987 |
| | ) | |
| Plaintiff, | ) | Judge Edmund A. Sargus |
| | ) | Magistrate Judge Kimberly A. Jolson |
| v. | ) | |
| | ) | |
| FIRSTENERGY CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BRIAN HUDOCK and CAMEO COUNTERTOPS, INC., | ) | Case No. 2:20-cv-03954 |
| | ) | |
| Plaintiffs, | ) | Judge Edmund A. Sargus |
| | ) | Magistrate Judge Kimberly A. Jolson |
| v. | ) | |
| | ) | |
| FIRSTENERGY CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

NAI-1529554707v2

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## CLASS PLAINTIFFS' SETTLEMENTS WITH DEFENDANTS

WHEREAS, on April 11, 2022, Plaintiffs, Jacob Smith, Brian Hudock, Cameo Countertops, Inc., and Michael Emmons (collectively, "Class Plaintiffs"), individually and on behalf of the Settlement Class (defined below); and Defendants, FirstEnergy Corp. ("FirstEnergy"), FirstEnergy Service Company ("FirstEnergy Service"), Ohio Edison Company ("Ohio Edison"), Toledo Edison Company ("Toledo Edison"), The Cleveland Electric Illuminating Company ("Cleveland Electric"), Charles E. Jones, James F. Pearson, Steven E. Strah, K. Jon Taylor, and Michael J. Dowling (collectively the "FirstEnergy Settling Parties") entered into a settlement (the "FE Settlement") resolving the claims against the FirstEnergy Settling Parties in this action and in a similar lawsuit pending in the Cuyahoga County Court of Common Pleas styled *Emmons v. FirstEnergy Corp., et al.*, Case No. CV-20 935557 ("*Emmons*") pursuant to a written settlement agreement ("FE Settlement Agreement"), a copy of which is attached as Tab 2(a) to the Amended Declaration of Dennis E. Murray, Jr., Marvin A. Miller, and James L. Ward, Jr. In Support of Class Plaintiffs' Motion For Preliminary Approval ("Declaration" or "Decl.").

WHEREAS, on May 2, 2022, Class Plaintiffs filed a Motion for Preliminary Approval of Proposed Class Action Settlement with the FirstEnergy Settling Parties requesting the entry of an Order: (i) preliminarily approving the FE Settlement; (ii) certifying the Settlement Class (defined below) for purposes of the FE Settlement pursuant to Fed. R. Civ. P. 23; (iii) staying the litigation as against the FirstEnergy Settling Parties; (iv) approving the Notice Plan and forms of notice[1], and appointing A.B. Data, Ltd. (A.B. Data) as the firm to be retained to disseminate

---

[1] The Notice Plan is attached as Exhibit 1 to the Declaration of Linda Young. The proposed forms of notice are attached as exhibits to the Notice Plan.

NAI-1529554707v2            2

notice to members of the Settlement Class pursuant to the Notice Plan and to administer the Settlement ("Settlement Administrator"); (v) setting a schedule for final approval of the FE Settlement; (vi) approving an escrow agent; (vii) designating the Class Plaintiffs as class representatives for the Settlement Class; and (viii) designating Dennis E. Murray, Jr., Marvin A. Miller, and James L. Ward, Jr., ("Plaintiffs' Counsel") as Co-Lead Class Counsel for the Settlement Class.

WHEREAS, on June 7, 2022, Class Plaintiffs, individually and on behalf of the Settlement Class, and Defendant Energy Harbor Corp. f/k/a FirstEnergy Solutions Corp. ("Energy Harbor") entered into a settlement (the "EH Settlement") resolving the claims against the last remaining named defendant, Energy Harbor, in this action and in *Emmons*, pursuant to a written settlement agreement (the "EH Settlement Agreement"), a copy of which is attached as Tab 2(b) to the Declaration.

WHEREAS, on June 10, 2022, Class Plaintiffs filed an amended motion for preliminary approval ("Plaintiffs' Motion") of the FE Settlement and EH Settlement (collectively, the "Settlements"), requesting the entry of an Order: (i) preliminarily approving the Settlements; (ii) certifying the Settlement Class (defined below) for purposes of the Settlements pursuant to Fed. R. Civ. P. 23; (iii) staying the litigation as against the FirstEnergy Settling Parties and Energy Harbor; (iv) approving the Notice Plan and forms of notice, and appointing A.B. Data, Ltd. (A.B. Data) as the firm to be retained to disseminate notice to Settlement Class Members pursuant to the Notice Plan and to administer the Settlements ("Settlement Administrator"); (v) setting a schedule for final approval of the Settlements; (vi) approving an escrow agent; (vii) designating the Class Plaintiffs as class representatives for the Settlement Class; and (viii) designating Plaintiffs' Counsel as Co-Lead Class Counsel for the Settlement Class.

WHEREAS, the FirstEnergy Settling Parties and Energy Harbor do not oppose Plaintiffs' Motion.

WHEREAS, the Court is familiar with and has reviewed the record in this case, and has reviewed the FE Settlement Agreement and EH Settlement Agreement (the "Settlement Agreements"), the supporting Declaration, and Class Plaintiffs' Motion, including the attached exhibits, and has found good cause for entering the following Order.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

### CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS FOR PURPOSES OF THE SETTLEMENT

The Court makes the following determinations as required by Fed. R. Civ. P. 23 solely in connection with the proposed Settlements:

1. Pursuant to Fed. R. Civ. P. 23(c)(l)(B), the Settlement Class is defined as follows:

    a. All persons and entities who have paid to Toledo Edison, Cleveland Electric, or Ohio Edison any rates, charges, fees, tolls, or other costs pursuant to HB6 or any recovery mechanism approved by the Public Utilities Commission of Ohio (PUCO) pursuant to HB6 through the date of Preliminary Approval of the Settlement Agreement by the Court.

    b. The following persons or entities are excluded from the Settlement Class:

        i. Defendants and alleged co-conspirators and their respective parents, subsidiaries, and affiliates, and

        ii. any person or entity that is a member of the Settlement Class ("Settlement Class Member") who timely and validly elects to be excluded from the Settlement Class.

2. The Settlement Class consists of millions of members geographically dispersed throughout the State of Ohio. Pursuant to Fed. R. Civ. P. 23(a)(1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable.

3. Pursuant to Fed. R. Civ. P. 23(c)(l)(B), the Court determines that, in connection with and solely for purposes of the Settlements, the following issues relating to claims (expressed in summary fashion) and/or defenses posed by the FirstEnergy Settling Parties and Energy Harbor present common, class-wide questions:

    a. whether the FirstEnergy Settling Parties and Energy Harbor engaged in the conduct alleged in the Consolidated Amended Class Action Complaint ("CACAC");

    b. whether the conduct set forth in the CACAC violated RICO and/or the OCRA;

    c. whether the Settlement Class Members are entitled to actual damages, punitive damages, and/or statutory damages; and

    d. whether FirstEnergy Settling Parties' and Energy Harbor's conduct entitles the Settlement Class to recovery of attorneys' fees and expenses.

The Court finds and determines that the foregoing class-wide issues relating to claims and/or defenses constitute questions of law or fact common to the Settlement Class and satisfy the commonality requirement of Fed. R. Civ. P. 23(a)(2).

4. Class Plaintiffs are hereby appointed as Class Representatives of the Settlement Class for the following reasons:

    a. Pursuant to Fed. R. Civ. P. 23(a)(3), the Court finds and determines, in connection with and solely for purposes of Settlements, that the Defendants' alleged conduct with respect to the Settlement Class caused the same manner of alleged injury

from the same course of conduct that they complain of, and the Class Plaintiffs assert on their own behalf the same legal theory that they assert for the Settlement Class. The Court, therefore, finds and determines that the Class Plaintiffs' claims are typical of the claims of the Settlement Class; and

    b.  Pursuant to Fed. R. Civ. P. 23(a)(4), the Court finds and determines, in connection with and solely for purposes of the Settlements, that the Class Representatives have fairly and adequately protected the interests of the Settlement Class and will continue to do so. The Class Representatives' interests in connection with the Settlements do not conflict with the interests of absent members of the Settlement Class. All members of the Settlement Class share a common interest in proving Defendants' alleged racketeering conduct, and all members of the Settlement Class share a common interest in recovering the damages sought in the CACAC. Plaintiffs' Counsel are well-qualified to represent the Settlement Class in this case, given their experience in prior cases and the vigor with which they have prosecuted this action thus far.

  5.  Pursuant to Fed. R. Civ. P. 23(b)(3), the Court determines that, in connection with and solely for purposes of the Settlements, common questions of law and fact predominate over questions affecting only individual members of the Settlement Class. The class-wide claims alleged by the Settlement Class, the defenses asserted by Defendants, and the issues in this action that are subject to generalized proof, which are thus applicable to the Settlement Class as a whole, predominate over those issues that are subject only to individualized proof.

  6.  Also pursuant to Fed. R. Civ. P. 23(b)(3), the Court determines that, in connection with and solely for purposes of the Settlements, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court finds it is desirable, for

purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single action. The Court also finds that no manageability problems are presented by this case.

7. Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court finds that Dennis E. Murray, Jr., Marvin A. Miller, James L. Ward. Jr. satisfy the factors set forth in Fed. R. Civ. P. 23(g)(1)(A), and therefore appoints them as Co-Lead Counsel for the Settlement Class ("Class Counsel") consistent with the Court's Order dated May 13, 2021 (ECF No. 57) and the duties and responsibilities described in that Order.

## JURISDICTION

8. This Court has jurisdiction to enter this Order. The Court has jurisdiction over the subject matter of this action and over all parties to the action, including all members of the Settlement Class.

## PRELIMINARY APPROVAL OF SETTLEMENT

9. The Settlements made pursuant to the Settlement Agreements and supported by Class Plaintiffs' Motion, and attached exhibits thereto, are hereby preliminarily approved. This Order incorporates the Settlement Agreements, and the terms used in this Order that are defined in those agreements have the same meanings. The Court finds that the Settlements were entered into after arm's-length negotiations by experienced counsel on behalf of the Settlement Class, and with the assistance of a retired federal judge. The Court further preliminarily finds that the Settlements are fair, reasonable, and adequate, and in the best interests of the Settlement Class, pursuant to Fed. R. Civ. P. 23, and warrant preliminary approval.

10. Valley National Bank is hereby appointed as Escrow Agent pursuant to the Settlement Agreements.

11.     Pending further Order of the Court, all litigation activity against Defendants on behalf of the Settlement Class is hereby stayed, and all hearings, deadlines, and other proceedings related to Settlement Class' claims against the FirstEnergy Settling Parties and Energy Harbor, other than those incident to the settlement process, are hereby taken off calendar. The stay shall remain in effect until such time as the Court enters Final Judgment and dismisses the Settlement Class's claims against the FirstEnergy Settling Parties and Energy Harbor with prejudice.

12.     In the event this Court does not enter a final approval Order concerning the FE Settlement, the litigation against the FirstEnergy Settling Parties shall resume in a reasonable manner as approved by the Court upon prompt joint application of Class Representatives and the FirstEnergy Settling Parties.

13.     In the event this Court does not enter a final approval Order concerning the EH Settlement, the litigation against Energy Harbor shall resume in a reasonable manner as approved by the Court upon prompt joint application of Class Representatives and Energy Harbor.

14.     Nothing herein shall be deemed an admission by the FirstEnergy Settling Parties or Energy Harbor of any wrongdoing or any unlawful conduct, and nothing herein shall be deemed to constitute a waiver by the Parties of any right to contest, should the litigation resume against the FirstEnergy Settling Parties or Energy Harbor, Class Representatives' allegations or the FirstEnergy Settlement Parties' or Energy Harbor's defenses. Moreover, nothing herein shall be deemed to constitute a waiver by any party to the Settlement Agreements of any right to amend or contest, should the litigation resume against the FirstEnergy Settling Parties or Energy Harbor, issues pertaining to class certification pursuant to Fed. R. Civ. P. 23 for purposes of this Action.

15. The Court retains exclusive jurisdiction to consider all further matters arising out of or connected with the Settlement Agreements and the Settlements.

## APPROVAL OF NOTICE PLAN

16. Class Plaintiffs' proposed Notice Plan complies with Fed. R. Civ. P. 23(e) and due process and is otherwise fair and reasonable. Class Plaintiffs' Notice Plan is hereby approved.

17. A.B. Data is hereby appointed as Settlement Administrator.

18. The forms of notice attached to the Notice Plan are approved. Class Counsel are directed to disseminate notice to the Settlement Class in accordance with the Notice Plan and the provisions of this Order.

## APPROVAL OF SCHEDULE

19. A.B. Data, Ltd. and Class Plaintiffs shall adhere to the following schedule:

    a. Within 60 days of the entry of this Order, A.B. Data, Ltd. shall complete Notice of the Settlements to the Settlement Class.

    b. Potential members of the Settlement Class may request exclusion from the Settlement Class no later than 45 days from the date Notice to the Settlement Class is completed.

    c. Settlement Class Members who wish to object to the Settlements, or who wish to appear in person at the hearing on final approval of the settlements (the 'Fairness Hearing"), see below at Paragraph 19.e, must timely object and, if intending to appear, timely notice their intention to appear, and include a summary statement outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, *via* first class mail, postage prepaid, to the Clerk of the U.S.

District Court for the Southern District of Ohio, Federal Building and Courthouse with copies to the following counsel:

*Counsel for the Plaintiff Class*:

Dennis E. Murray, Jr.
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, OH 44870

Marvin A. Miller
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603

James L. Ward, Jr.
McGOWAN, HOOD & FELDER, LLC
10 Shem Drive, Suite 300
Mount Pleasant, SC 29464

*Counsel for the FirstEnergy Settling Parties*:

Michael R. Gladman (0059797)
Tiffany D. Lipscomb-Jackson (0084382)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215

David Axelrod
Timothy Katsiff
Ballard Spahr LLP
1735 Market Street
Philadelphia, Pa 19103

John F. McCaffrey
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213

Carole Rendon
Terry Brennan
BakerHostetler
Key Tower
127 Public Square | Suite 2000
Cleveland, OH 44114-1214

*Counsel for Energy Harbor*:

Marion H. Little, Jr.
Zeiger, Tigges & Little LLP
The Huntington Center
Suite 3500
Columbus, Ohio 43215
little@litohio.com

The objection and/or notice of intention to appear shall indicate that they relate to *Smith v. FirstEnergy Corp.,* Case No. 2:20-cv-3755. To be valid, any such objection to the Settlements and/or notice of intention to appear must be postmarked no later than 45 days after the date that Notice to the Settlement Class is completed, and it must include the Settlement Class Member's name, address, telephone number, and signature. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlements. All persons and entities who fail to file a notice of intention to appear or a letter stating reasons for objecting as provided above shall be deemed to have waived any objections by appeal, collateral attack, or otherwise, and will not be heard at the Fairness Hearing.

  d. All briefs and materials in support of final approval of the Settlements and entry of the Final Order and Judgment proposed by the parties to the Settlements shall be filed with the Court no later than 30 days before the date of the Fairness Hearing.

  e. The Fairness Hearing shall be held before this Court on _____, 2022, at _____ Eastern Time, in the U.S. District Court for the Southern District of Ohio, _____.

20. Nothing contained in this Order, the Settlements, or any other document filed pertaining to the Settlements, shall constitute, be construed as, or deemed evidence of an admission or concession by any party to the Settlement Agreements concerning the validity of

any claim or defense that was, or could have been, asserted in this matter, or as to any matter set forth in this Order.

**SO ORDERED:**

Dated:_____, 2022

_____
Edmund A. Sargus
U.S. District Court Judge