# TAB D

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JACOB SMITH, | ) | Case No. 2:20-cv-03755 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Edmund A. Sargus |
| v. | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| FIRSTENERGY CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| JAMES BULDAS, | ) | Case No. 2:20-cv-03987 |
| | ) | |
| Plaintiff, | ) | Judge Edmund A. Sargus |
| | ) | Magistrate Judge Kimberly A. Jolson |
| v. | ) | |
| | ) | |
| FIRSTENERGY CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| BRIAN HUDOCK and CAMEO COUNTERTOPS, INC., | ) | Case No. 2:20-cv-03954 |
| | ) | |
| | ) | Judge Edmund A. Sargus |
| Plaintiffs, | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| v. | ) | |
| | ) | |
| FIRSTENERGY CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF KEVIN P. RODDY IN SUPPORT OF AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD OF INCENTIVE PAYMENTS TO CLASS REPRESENTATIVES

I, Kevin P. Roddy, hereby declare as follows:

1.      I am an attorney at law, licensed to practice before the courts in the States of New Jersey, New York, and California, and the Commonwealth of Virginia.  I am a shareholder (partner) in the law firm Wilentz, Goldman & Spitzer, P.A. ("Wilentz"), resident in the firm's main office in Woodbridge, New Jersey.  I have personal knowledge of the facts stated in this Declaration and, if called as a witness in this proceeding, I would testify competently as to them.  I make this Declaration in support of Wilentz's request for attorneys' fees and reimbursement of litigation expenses, as set forth in Class Plaintiffs' Unopposed Motion For Award of Attorneys' Fees, Costs, And Incentive Awards To Class Representative Plaintiffs.

2.      I am one of the counsel of record in this case for Plaintiffs Jacob Smith, Brian Hudock, and Cameo Countertops, Inc.

3.      A description of Wilentz, which includes a summary of my legal experience and credentials, taken from our law firm website posted on the Internet – www.wilentz.com – is attached as Exhibit 1 and incorporated herein by reference.

4.      Throughout the course of this litigation, Wilentz kept files contemporaneously documenting all time spent, including tasks performed and expenses incurred, and shared those reports on a regular basis with Dennis E. Murray, Jr. and Marvin A. Miller, who are Class Counsel for the Settlement Class.  All of the time and expenses reported by Wilentz advanced the tremendous class-wide result achieved in this case.

5.      The work performed by Wilentz on this case included:  (a) investigating and identifying potentially liable persons and entities, following revelation of the Ohio legislative bribery scheme in July 2020; (b) conferring with co-counsel about state and federal court jurisdictional and venue issues; (c) legal research concerning potential federal and state law claims that might plausibly be asserted in the class action complaint; (d) reviewing the criminal affidavit

and complaint filed in the related federal court criminal case brought against Larry Householder and other; (e) legal research regarding specific provisions of the federal Racketeer Influenced and Corrupt Organizations Act (RICO) and the Ohio Corrupt Practices Act (OCPA) and identification of potential predicate acts of racketeering in which potential defendants participated or engaged in a conspiracy to commit; (f) reviewing allegations made in complaints filed by plaintiffs in FirstEnergy shareholder derivative case(s) and securities fraud case(s), as well as Ohio state court action(s) filed by the Attorney General's office; (g) preparation of timeline and other visual aids to illustrate Plaintiffs' allegations in this case; (h) review newspaper and Internet articles concerning the above-referenced bribery scheme; (i) legal research regarding similar Rule 23 class actions litigated before this Court and in the Sixth Circuit Court of Appeals, including *Williams v. Duke Energy*; (j) draft, review, and revise the consolidated amended complaint to be filed in this case; (k) review Defendants' motions to dismiss consolidated amended complaint; (l) legal research regarding Defendants' motions to dismiss and draft, review, and revise responses in opposition to Defendants' motions to dismiss; (m) prepare for and participate in meet-and-confers with opposing counsel regarding a Rule 26 discovery plan in these cases; (n) legal research and draft the opposition to Defendants' motion to stay discovery; (o) legal research and draft opposition to Defendants' motion for protective order; (p) draft, review, and revise the parties' joint Rule 26 discovery report; (q) review public reports and newspaper articles concerning the likelihood of remedial action to be taken by Ohio Legislature; (r) legal research regarding Rule 23 requirements and draft, review, and revise motion for class certification; (s) Westlaw and other Internet research regarding potential expert witnesses; (t) draft, review, and revise Rule 26(a) initial disclosures; (u) conferences with co-counsel and opposing counsel regarding ESI protocol; (v) review insurance information provided by Defendants in response to discovery demands; (w) review Defendants' responses and objections to Plaintiffs' written discovery demands; (x) preparation for mediation

and formulation of calculations regarding measure of damages under RICO and OCPA, including application of the "single satisfaction" rule; (y) draft, review, and revise Plaintiffs' mediation brief and PowerPoint presentations; (z) travel from Woodbridge, NJ, to Cleveland, OH, and return and participation in a two-day mediation session with Judge Rosen (JAMS); (aa) legal research and Internet searches regarding additional Defendant(s) and draft, review, and revise the second amended class action complaint; (bb) review the Government's Deferred Prosecution Agreement with FirstEnergy; (cc) prepare Plaintiffs' deposition testimony and defend and/or attend Plaintiffs' depositions; (dd) draft, review, and revise responses in opposition to Defendants' motion(s) to dismiss and/or motion(s) to strike; and (ee) conferences with co-counsel regarding potential settlement and review motion for preliminary approval of proposed settlement.

6.    The schedule attached as Exhibit 2, and incorporated herein, presents a summary of the amount of time spent by Wilentz's attorneys who were involved in this litigation from July 2020 to present.  It does not include any time devoted to preparing this Declaration or otherwise pertaining to the fee petition.  The lodestar calculation is based on Wilentz's billing rates in effect at the time when the professional services were performed.    Exhibit 2 was prepared from contemporaneous time records regularly prepared and maintained by Wilentz in its records.  Those records have been provided to Class Counsel and I authorize them to be submitted for inspection by the Court if necessary.  The hourly rates for Wilentz's attorneys included in Exhibit 2 were, at the time the work was performed, the usual and customary hourly rates charged for their services in similar complex litigation, including federal and state court class actions.

7.    The total number of hours reasonably expended on this litigation by Wilentz from inception through July 31, 2022, which does not include time spent preparing this Declaration or preparing Class Plaintiffs' fee petition, is 1,374 hours.  The total lodestar for Wilentz (at historical rates) is $1,145,553.  The total lodestar for Wilentz (at current rates) is $1,181,789.  Expense items

are billed separately and are not duplicated in Wilentz's lodestar calculations.

8.      The expenses that Wilentz incurred in litigating this action are reflected in its books and records.  These books and records are prepared from expense vouchers, invoices, receipts, check records, and other source materials and accurately reflect the expenses incurred and paid. Wilentz's expense records are available for inspection by the Court if necessary.

9.      Wilentz incurred a total of $ 13,480.10 in unreimbursed expenses, all of which were reasonable and necessary for the prosecution of this litigation.  Of this amount, $ 12,000.00 was for assessment payments for common litigation expenses or direct payments to expert witnesses or other vendors made at the request of Class Counsel, and an additional $ 1,480.10 was for non-common litigation expenses incurred by Wilentz, such as travel to and from Cleveland, Ohio, for the settlement mediation in July 2021, meals and lodging expenses incurred during that trip, photocopying of documents, computer-assisted legal research, computer-assisted docket searches, and overnight delivery service.  A summary of those expenses by category is set forth in the following table.

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Assessment Payment | $   12,000.00 |
| Legal Research | $        764.32 |
| Overnight Mail | $          21.22 |
| Travel/Lodging | $        694.56 |
| **Grand Total** | **$  13,480.10** |

10.      In the event that Wilentz provides additional services or incurs additional costs, I will supplement this Declaration.

I declare under penalty and perjury that the foregoing is true and correct.  Executed this the 7th day of October, 2022, in Woodbridge, New Jersey.

By:_____ */s/ Kevin P. Roddy*_____
        KEVIN P. RODDY

# EXHIBIT 1

# WILENTZ
## —ATTORNEYS AT LAW—

## Kevin P. Roddy
**Shareholder**

T: 732.855.6402
F: 732.726.6686
kroddy@wilentz.com



---

### Practice

Class Action

### Education

J.D., University of North Carolina, School of Law, 1980

B.A., University of North Carolina, College of Arts & Sciences, 1977, *with honors*

### Admissions

United States Supreme Court

New Jersey, 2005

New York, 2004

California, 1987

Virginia, 1982

United States Courts of Appeals: District of Columbia, First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits

United States District Court for the District of New Jersey

United States District Court for the Southern District of New York

United States District Court for the Eastern District of New York

United States District Court for the Northern District of New York

United States District Court for the Central District of California

United States District Court for the Eastern District of California

United States District Court for the

Kevin P. Roddy is a shareholder in the law firm of Wilentz, Goldman & Spitzer, P.A. He concentrates his practice on complex litigation, including class actions alleging violations of federal and state antitrust, consumer protection, unfair trade practices, anti-racketeering, and securities fraud statutes.

During 2005-2007, Mr. Roddy served as President of the National Association of Shareholder and Consumer Attorneys (NASCAT). From 2000 to 2011, he served on NASCAT's Executive Committee and, from 1991 to 2011, he served as Chair of the NASCAT Amicus Committee. From February 2000 through December 2004, he was managing partner of the Los Angeles Office of Hagens Berman LLP, a Seattle-based firm specializing in class action litigation. From December 1991 to February 2000, he was managing partner of the Los Angeles Office of Milberg Weiss Bershad Hynes & Lerach LLP, a New York- and San Diego-based law firm specializing in class action litigation.

Mr. Roddy has been recognized as a leading Class Action and Mass Torts lawyer by *Super Lawyers* in 2012 and 2014-2021.

Super Lawyers® (http://www.superlawyers.com/about/selection_process_detail.html) is published by Thomson Reuters.

A description of the selection process may be accessed via the above link. The aforementioned organization is a private peer review organization, not court-specific, public certification vehicles. No aspect of this advertisement has been submitted to or approved by the Supreme Court of New Jersey.

Mr. Roddy and his wife, Joann, have three children. They live in Manasquan, New Jersey.

### Articles

- Kevin P. Roddy, RICO IN BUSINESS AND COMMERCIAL LITIGATION (Shepard's/McGraw-Hill, Inc. 1991) (two-volume

Northern District of California

United States District Court for the Southern District of California

United States District Court for the Eastern District of Virginia

United States District Court for the Western District of Virginia

treatise with annual supplements through 1997)

- G. Robert Blakey & Kevin P. Roddy, Reflections on Reves v. Young: Its Meaning and Impact on Substantive, Accessory, Aiding and Abetting and Conspiracy Liability Under RICO, 33 Amer. Crim. L. Rev. 1345 (1996). This article was published as the Special 25th Anniversary issue of AMERICAN CRIMINAL LAW REVIEW, and it has been favorably cited by numerous federal circuit and district courts, including the Third Circuit Court of Appeals. Smith v. Berg, 247 F.3d 532, 536 nn. 7&8 (3rd Cir. 2001).
- American Bar Association, Section of Antitrust Law, SAMPLE CIVIL RICO JURY INSTRUCTIONS (1994) (principal author)
- Kevin P. Roddy & Daniel S. Floyd, LITIGATING THE CLASS ACTION LAWSUIT IN CALIFORNIA (National Business Institute 2001 & 2002)
- Kevin P. Roddy and Seth Aronson, LITIGATING THE CLASS ACTION LAWSUIT IN CALIFORNIA (National Business Institute 2000)
- Kevin P. Roddy, Eight Years of Practice and Procedure Under the Private Securities Reform Act of 1995, Postgraduate Course in Federal Securities Law (July 2004) (papers prepared for 1998, 1999, 2000, 2001, 2002, and 2003 programs are available on Lexis)
- Civil Law Editor, RICO LAW REPORTER (1991 to present)
- Member, Editorial Advisory Board, CIVIL RICO REPORT (1991 to present)

## Speaking Engagements

Since November 1999, he has appeared as a principal speaker at the following continuing legal education programs:

- Litigation Counsel of America, Challenges to Expert Witness Testimony in Federal Court, New York, New York, November 30, 2018
- State Bar of Georgia, Seminar on RICO, Atlanta, Georgia, September 20, 2018
- Federal RICO and New Jersey RICO: Litigation and Trial, Atlantic City, New Jersey, May 20, 2018
- Litigation Counsel of America, Trial of a Civil RICO Class Action, New York, New York, December 1, 2017
- Georgia Bar Association, Seminar on RICO, Atlanta, Georgia, November 13, 2015
- Georgia Bar Association, Seminar on RICO, Atlanta, Georgia, November 7, 2013
- American Law Institute-American Bar Association, Postgraduate Course in Federal Securities Law, Boston, MA, July 7-9, 2005
- American Bar Association, Tort Trial & Insurance Practice Section, E-Document Preservation & E-Discovery After Zubulake – What Every Litigator and In-House Counsel Needs to Know, April 21, 2005 (teleconference)
- NASCAT, Class Action Notice and Claims Administration – Best Practices of the Experts, Lake Las Vegas, Nevada, April 7, 2005
- CLE International, Class Actions: A How-To on Initiating, Defending and Litigating Them, Los Angeles, California, February

24-25, 2005
- Federal Trade Commission, Class Actions Workshop, Washington, DC, September 13-14, 2004
- American Law Institute-American Bar Association, Postgraduate Course in Federal Securities Laws, Chicago, Illinois, August 26, 2004
- Business & Professions Code Section 17200: Is The Unfair Competition Law "Unfair"?, Association of Business Trial Lawyers, San Francisco, California, December 9, 2003.
- The Cambridge International Symposium on Economic Crime, Jesus College, Cambridge, United Kingdom, September 12, 2003
- When the Going Gets Tough: Advising a Company in Crisis (Parts I & II), American Bar Association Annual Meeting, San Francisco, California, August 9-10, 2003
- Business and Professions Code Section 17200 in California, Oakland, California, July 30, 2003
- American Law Institute-American Bar Association, Postgraduate Course in Federal Securities Laws, San Francisco, California, July 24, 2003
- Institute for Law and Economic Policy, Agencies, Economic Justice and Private Initiatives, San Diego, California, April 5, 2003
- National Business Institute, Litigating the Class Action Lawsuit in California, Los Angeles, California, December 16, 2002
- American Law Institute-American Bar Association, Postgraduate Course in Federal Securities Law, Boston, Massachusetts, July 18, 2002
- Association of Business Trial Lawyers, Business Litigation in the "Post-Enron" World, Los Angeles, California, April 9, 2002
- University of Kentucky School of Law, 11th Biennial Midwest/Midsouth Securities Law Conference, Louisville, Kentucky, February 15, 2002
- Northwestern University School of Law-Securities Regulation Institute, 29th Annual Securities Regulation Conference, San Diego, California, January 23, 2002.
- Practising Law Institute, 33rd Annual Institute on Securities Regulation, New York, New York, November 7, 2001
- National Business Institute, Litigating the Class Action Lawsuit in California, Los Angeles, California, October 24, 2001
- American Law Institute-American Bar Association, Postgraduate Course in Federal Securities Law, San Francisco, California, July 19, 2001
- Institute for International Research, Securities Regulation & Enforcement Conference, New York, New York, June 19, 2001
- National Business Institute, Litigating the Class Action Lawsuit in California, Los Angeles, California, October 25, 2000
- Orange County Bar Association, Second Annual Capital Markets Seminar, Costa Mesa, California, September 27, 2000
- Practising Law Institute, Advanced Securities Law Workshop, San Diego, California, August 10, 2000
- Practising Law Institute, 31st Annual Institute on Securities Regulation, New York, New York, November 3, 1999

## Selected Matters

**Participation in Significant Complex Litigation and Trial Experience:**

For more than 35 years, Kevin Roddy has represented plaintiffs in many significant class actions, representative actions, and derivative actions litigated in federal and state courts throughout the United States. He has represented individual and institutional clients. Mr. Roddy has played the lead role in representing plaintiffs in many significant cases, and has helped secure recoveries exceeding $2 billion. Results achieved in prior matters are not meant to be a guarantee of success as the facts and legal circumstances vary from matter to matter.

Mr. Roddy's efforts in these complex cases have been praised by federal and state courts. In approving a worldwide settlement of a civil RICO and consumer protection class action brought on behalf of approximately 18 million people who used Western Union's money transfer services to transfer money from one country to another, in which Mr. Roddy served as Lead Counsel for Plaintiffs, Senior U.S. District Judge Charles Sifton of the Eastern District of New York lauded Mr. Roddy's "extensive experience handling civil RICO cases and class actions." The Court noted that the team of plaintiffs' counsel, led by Mr. Roddy, had "secured a significant recovery, including injunctive relief that requires [Western Union] to materially change the consumer disclosure forms and receipts that it uses throughout the world, in a complex, risky class action, and confronted defense counsel from highly respected law firms." In re Western Union Money Transfer Litigation, Master File No. CV-01-0335 (CPS) (E.D.N.Y. Feb. 8, 2005) (Memorandum and Order, at 13, 16). That case was settled in 2005 on a worldwide basis for consideration exceeding $65 million and the imposition of worldwide injunctive relief.

In coordinated cases brought in the Superior Court of Sacramento County, California, In re Ford Explorer Cases, JCCP Nos. 4266 & 4270, Mr. Roddy was chosen Co-Lead Counsel for the California Plaintiff Class, which consisted of over 450,000 vehicle owners. In 2005, Coordination Trial Judge David DeAlba certified a statewide (California) class. During 2007, Mr. Roddy, along with other Plaintiffs' counsel, tried the class action for 50 days in the Sacramento County Superior Court. The same year, the parties announced a proposed four-state class action settlement on behalf of nearly one million vehicle owners residing in California, Illinois, Texas and Connecticut. That settlement was approved by Judge DeAlba in 2008.

In another class action that was prosecuted simultaneously in state courts in California and Florida, In re Rexall Cellasene Cases, Mr. Roddy was chosen Co-Lead Counsel for the nationwide consumer class and, working together with attorneys from the Federal Trade Commission, in 2003 he successfully negotiated a $20 million settlement that provided consumers with a full-dollar recovery and imposed precedent-setting injunctive relief governing the entire dietary supplement industry.

Mr. Roddy has played a significant role in several multidistrict litigations ("MDLs"). For example, in In re Aetna UCR Litigation, MDL No. 2020, pending in the District of New Jersey, he was chosen to serve as one of the Subscriber Class Counsel in a class action brought on behalf of

beneficiaries of health insurance plans. In In re Pacquiao-Mayweather Boxing Match Pay-Per-View Litigation, MDL No. 2639, in the Central District of California, he served as chair of the law committee in proposed class actions asserting consumer protection claims brought on behalf of purchasers of pay-per-view services to watch a disputed prizefight. In re Imprelis Herbicide Litigation, MDL No. 2284, a consumer protection class action brought against the manufacturer of a defective herbicide and litigated in the Eastern District of Pennsylvania, he was the designated negotiator of a class of landscaping professionals and participated in successfully negotiating a highly beneficial nationwide settlement.

In DCG&T f/b/o Battaglia v. Knight, 68 F. Supp.3d 579 (E.D. Va. 2014), a shareholder derivative action, Mr. Roddy was chosen co-lead counsel for plaintiff, and he successfully negotiated a $12 million settlement for the benefit of REIT unit holders who objected to a corporate merger.

Mr. Roddy has tried more than a dozen cases in federal and state courts in New Jersey, California, Colorado, Virginia, Arizona, Tennessee and North Carolina. In In re American Continental Corp./Lincoln Savings & Loan Securities Litigation, he was one of the lead trial counsel for a class of 23,000 defrauded shareholders and bondholders; that case (including a five-month jury trial in the District of Arizona) resulted in settlements of approximately $250 million and a jury verdict against the non-settling defendants exceeding $3 billion. In The Industry Network System, Inc. v. Armstrong World Industries, he was co-lead trial counsel in a 68-day antitrust conspiracy jury trial in the District of New Jersey. In Stilwell Developments v. Wing Wah Chong, he was lead trial counsel for the plaintiff smoke alarm manufacturer in a two-month intellectual property trial involving the enforcement of patents and copyrights; that case resulted in a $7 million jury verdict for plaintiff, which was successfully enforced in ancillary proceedings in the Hong Kong courts.

In CGC Holding Co., LLC v. Hutchens, Case No. 11-1012, a RICO class action arising out of an advance fee lending scheme and pending in the District of Colorado, he was appointed co-lead counsel for plaintiffs and the certified class of consumers who were allegedly defrauded. In May 2017, Mr. Roddy served as co-lead trial counsel during a 10-day jury trial. The jury returned a verdict for plaintiffs and class members, found defendants to be liable for RICO violations, and awarded $8.4 million in compensatory damages. On September 26, 2017, Judge Blaine Jackson awarded treble damages and entered a judgment awarding more than $24 million to plaintiffs and class members.

On December 18, 2017, Judge Jackson issued his Rulings on Additional Post-Trial Motions, directing the clerk to enter a final judgment in the amount of $25 million, including costs and interest, and imposed a constructive trust over defendants' properties. Describing the litigation as "a complex, intensely litigated, and difficult case," Judge Jackson described the performance of Mr. Roddy and his co-counsel as "an excellent job." CGC Holding Co., LLC v. Hutchens, Civil Action No. 11-cv-01012-RBJ-KLM, Docket No. 890 (D. Colo.).

The Tenth Circuit Court of Appeals affirmed the trial court's rulings. CGC

Holding Co., LLC v. Hutchens, 780 Fed. Appx. 604 (10th Cir. 2019), subsequent opinion, 974 F.3d 1201 (10th Cir. 2020).

In Roberts v. C.R. England, Inc., Case No. 2:12-CV-00302 (D. Utah), working with co-counsel from throughout the country, Roddy secured nationwide class certification of a class consisting of more than 14,000 long-haul truck drivers, and successfully negotiated a $98 million settlement. The class action settlement was approved by Judge Robert Shelby of the District of Utah in 2019.

**Expert Witness Experience:**

Mr. Roddy has served as an expert witness in both federal and state court. In one case litigated in the Northern District of Texas, he served as an expert witness for the defendant law firms in a legal malpractice action arising out of class action settlements. In another case litigated in the Orange County, California, Superior Court, he served as an expert witness for the defendant lawyers in a malicious prosecution case arising out of a consumer protection class action. In August 2016, Mr. Roddy testified as an expert witness on behalf of the defendant attorney in a federal criminal case tried in the Southern District of Mississippi. In February 2018, Roddy testified as an expert witness on behalf of the defendant attorney in a federal criminal case tried in the Western District of Texas.

**Appellate Court Experience:**

Mr. Roddy has extensive experience in the appellate courts. For example, in March 2006, Mr. Roddy argued a civil RICO case in the United States Supreme Court. The resulting decision, Anza v. Ideal Steel Supply Corp., 547 U.S. 451 (2006), established the standard for evaluating proximate causation in such cases.

**Some of his significant federal circuit court cases include the following:**

- CGC Holding Co., LLC v. Hutchens, 780 Fed. Appx. 604 (10th 2019) (affirming district court's imposition of discovery sanctions, including contempt citation, against defendants for refusal to produce discovery), subsequent opinion, 974 F.3d 1201 (10th Cir. 2020) (affirming district court's pre-trial and post-trial rulings in RICO class action).
- In re Lipitor Antitrust Litig., 855 F.3d 126 (3d Cir. 2017) (reversing trial court's dismissal of antitrust claims)
- DCG&T f/b/o Battaglia v. Knight, 648 Fed.Appx. 342 (4th Cir. 2016) (dismissing objector's appeal from district court's decision granting approval of settlement of shareholder derivative action)
- Miller v. Basic Research, LLC, 750 F.3d 1173 (10th Cir. 2014) (consumer protection class action alleging false advertising of weight-loss dietary supplement)
- Fisher v. Kadant, Inc., 589 F.3d 505 (1st Cir. 2009) (breach of warranty class action alleging defective residential deck materials)
- Karim v. AWB, Ltd., 347 Fed. Appx. 714 (2nd Cir. 2009) (class

action on behalf of Iraqi Kurds alleging money laundering and diversion of proceeds from United Nations oil-for-food program)

- Deutsch v. Turner Corp., 317 F.3d 1005 & 324 F.3d 692 (9th Cir. 2003) (class actions brought on behalf of U.S. and British POWs and Chinese, Dutch, Filipino and Korean civilian internees who were World War II forced labor victims)

- Wayne v. DHL Worldwide Express, 294 F.3d 1179 (9th Cir. 2002) (consumer protection class action involving purchase of "excess value" insurance for package shippers; 9th Circuit reversed district court's dismissal of action and refusal to remand case to state court)

- United States ex rel. Lujan v. Hughes Aircraft Co., 243 F.3d 1181 (9th Cir. 2001) (False Claims Act qui tam action against defense contractor arising out of construction of B-2 bomber; affirming district court's dismissal of whistleblower's action against defense contractor)

- Lanza v. Merrill Lynch & Co., 154 F.3d 56 (2nd Cir. 1998) (securities fraud/civil RICO class action brought against securities seller; 2nd Circuit affirmed dismissal of action on statute of limitations grounds)

- Batchelder v. Kawamoto, 147 F.3d 915 (9th Cir. 1998) (shareholder derivative action arising out of Honda Motor Co. automobile dealership bribery scandal; 9th Circuit affirmed dismissal of action because U.S. ADR holder lacked standing to sue as shareholder under Japanese law)

- Price v. Pinnacle Brands, Inc., 138 F.3d 602 (5th Cir. 1998) (RICO action brought by trading card purchasers against manufacturer alleging illegal lottery scheme)

- The Industry Network System, Inc. v. Armstrong World Industries, 54 F.3d 150 (3rd Cir. 1995) (antitrust action brought by video distributor against floor covering manufacturer; 3rd Circuit affirmed jury's failure to award damages to plaintiff following trial)

- Hamid v. Price Waterhouse, 51 F.3d 1411 (9th Cir. 1995) (BCCI depositors class action litigation; 9th Circuit affirmed dismissal of action on abstention and comity grounds)

- United States v. BCCI Holdings, S.A., 46 F.3d 1185 (D.C. Cir. 1995) (RICO forfeiture proceeding; D.C. Circuit affirmed dismissal of depositors' third-party forfeiture petition arising out of RICO prosecution and resulting forfeiture of assets)

- Terry's Floor Fashions, Inc. v. Burlington Industries, Inc., 763 F.2d 604 (4th Cir. 1985) (antitrust dealer termination case brought against carpet manufacturer and competing dealer; affirming district court's entry of summary judgment for defendants)

- Lindner v. Durham Hosiery Mills, Inc., 761 F.2d 162 (4th Cir. 1985) (securities case brought against textile manufacturer; affirming district court's entry of judgment for defendants following two-week federal court jury trial)

**Some of his significant federal district court cases include the following:**

- Roberts v. C.R. England, Inc., 318 F.R.D. 457 (D. Utah 2017) (certifying nationwide class as to state law claims asserted by long-haul truck drivers against trucking company); 321 F. Supp.

3d 1251 (D. Utah 2018) (refusing to decertify class); 2018 WL 2387364 (D. Utah Mar. 27, 2018) (approving class notice campaign); 2018 WL 2386056 (D. Utah Apr. 24, 2018) (refusing to certify question for appellate review).

- CGC Holding Co., LLC v. Hutchens, 2016 WL 1238149 (D. Colo. Mar. 30, 2016) (granting motion to compel discovery and awarding sanctions against defendant who refused to produce discovery in certified class action arising out of advance fee loan fraud scheme and asserting civil RICO claims); 2016 WL 6778853 (D. Colo. Nov. 16, 2016) (granting plaintiffs' motions in limine); 2017 WL 1435857 (D. Colo. Apr. 20, 2017) (denying defendants' "Daubert" challenges to plaintiffs' expert witnesses); 2017 WL 4621094 (D. Colo. Sept. 26, 2017) (awarding treble damages to plaintiffs and nationwide class and imposing constructive trust against defendants)

- Cohen v. Cohen, 993 F. Supp. 2d 414 (S.D.N.Y. 2014) (breach of fiduciary duty and civil RICO claims arising out of divorce proceeding)

- Mervyn v. Atlas Van Lines, Inc., 2013 U.S. Dist. LEXIS 146840 (N.D. Ill. Oct. 2, 2013) (class action brought on behalf of long-haul truck drivers)

- Stutzman v. Armstrong, 2013 U.S. Dist. LEXIS 109151 (E.D. Cal. Aug. 2, 2013) & 2013 U.S. Dist. LEXIS 129204 (E.D. Cal. Sept. 10, 2013) (consumer class action brought against disgraced cyclist and book publishers)

- Ries v. Ariz. Bevs. United States LLC, 2012 U.S. Dist. LEXIS 169853 (N.D. Cal. Nov. 27, 2012)(granting plaintiff-consumers' motion for class certification)

- Franco v. Conn. Gen'l Life Ins. Co., 818 F. Supp. 2d 792 (D.N.J. 2011) (denying motion to dismiss RICO and ERISA claims in class action brought by health care insureds against insurer)

- Shakib v. Back Bay Rest. Group, Inc., 2011 U.S. Dist. LEXIS 124143 (D.N.J. Oct. 26, 2011) & 2011 U.S. Dist. LEXIS 112614 (D.N.J. Sept. 30, 2011) (denying motion to dismiss and conditionally certifying class of restaurant workers seeking to recover overtime pay from employer)

- In re Imprelis Herbicide Mktg., Sales Pracs. & Prods. Liab. Litig., 824 F. Supp. 2d 1357 (J.P.M.L. 2011) (product liability case arising out of defective herbicide; successfully argued that cases should be centralized in Eastern District of Pennsylvania); 2013 U.S. Dist. LEXIS 149323 (E.D. Pa. Oct. 17, 2013) (approving class action settlement of claims brought by property owners, golf courses, and landscaping professionals against manufacturer of defective herbicide)

- Ford Motor Co. v. Edgewood Properties, Inc., 2012 U.S. Dist. LEXIS 125197 (D.N.J. Aug. 31, 2012)(denying third-party defendant environmental consultant's motion for summary judgment); 2011 U.S. Dist. LEXIS 67227 (D.N.J. June 23, 2011); 2011 U.S. Dist. LEXIS 45368 (D.N.J. Apr. 27, 2011); 2011 U.S. Dist. LEXIS 36215 (D.N.J. Apr. 4, 2011); 2011 U.S. Dist. LEXIS 15776 (D.N.J. Feb. 15, 2011); 2010 U.S. Dist. LEXIS 130866 (D.N.J. Dec. 10, 2010); 2010 U.S. Dist. LEXIS 119373 (D.N.J. Nov. 10, 2010); 2010 U.S. Dist. LEXIS 75914 (D.N.J. July 28,

2010); 2010 U.S. Dist. LEXIS 58425 (D.N.J. June 14, 2010); 2009 U.S. Dist. LEXIS 70953 (D.N.J. Aug. 11, 2009); 257 F.R.D. 418 (D.N.J. 2009) (decisions relating to representation of real estate developer in environmental contamination litigation arising out of disposal of contaminated crushed concrete from former vehicle assembly plant); in 2012 the developer's federal and state law claims against the property owner, contractor, and environmental consultants were settled)

- Van Koenig v. Snapple Bev. Corp., 713 F. Supp. 2d 1066 (E.D. Cal. 2010) (denying defendant's motion to dismiss consumer protection class action alleging false labeling of iced tea product)

- Miller v. Basic Research, Inc., 2008 WL 4755787 (D. Utah Oct. 27, 2008) (refusing to dismiss civil RICO and consumer fraud claims brought against dietary supplement manufacturer and its principal officers and directors); 2011 U.S. Dist. LEXIS 21521 (D. Utah Mar. 2, 2011) (affirming certification of nationwide class and approving proposed class notice program); 2013 U.S. Dist. LEXIS 40553 (D. Utah Mar. 22, 2013) & 2013 U.S. Dist. LEXIS 56748 (D. Utah Apr. 16, 2013) (granting motion to enforce class action settlement)

- McCoy v. Health Net, Inc., 569 F. Supp. 2d 448 (D.N.J. 2008) (granting final approval to $255 million settlement of health care insureds' class action claims against insurance company)

- In re Ford Motor Co. E-350 Van Prods. Liab. Litig., 2008 WL 4126264 (D.N.J. Sept. 2, 2008) (refusing to dismiss breach of warranty, consumer protection and unjust enrichment claims brought by purchasers of 15-passenger vans against vehicle manufacturer); 2011 U.S. Dist. LEXIS 16504 (D.N.J. Feb. 16, 2011) (denying Ford's motions for summary judgment); 2009 U.S. Dist. LEXIS 108085 (D.N.J. Nov. 18, 2009) (same); 2009 U.S. Dist. LEXIS 68241 (D.N.J. July 9, 2010) (same); 2012 U.S. Dist. LEXIS 13887 (D.N.J. Feb. 6, 2012) (denying plaintiffs' motion for class certification)

- American Medical Ass'n v. United Healthcare, Inc., 2008 WL 3914868 (S.D.N.Y. Aug. 22, 2008) (refusing to dismiss civil RICO claims brought by health care insureds against insurance company)

- Franco v. CIGNA, 2008 WL 3399644 (D.N.J. Aug. 6, 2008) (refusing to dismiss ERISA claims brought by health care insureds against insurance company)

- In re Able Labs. Secs. Litig., 2008 WL 1967509 (D.N.J. Mar. 24, 2008) (refusing to dismiss investors' securities fraud claim against bankrupt company's officers and directors)

- In re Inphonic, Inc. Wireless Phone Rebate Litigation, 460 F. Supp. 2d 1380 (J.P.M.L. 2006) (consumer protection class action alleging rebate denials)

- In re Ford Motor Co. E-350 Van Products Liability Litigation, 374 F. Supp. 2d 1353 (J.P.M.L. 2005) (15-passenger van products liability class action)

- In re Medtronic, Inc. Implantable Defibrillators Products Liability Litigation, 408 F. Supp. 2d 1351 (J.P.M.L. 2005) (defective defibrillator class action)

- In re Dynamic Random Access Memory Antitrust Litigation, 2005

WL 2988715 (N.D. Cal. Nov. 7, 2005) (antitrust price-fixing conspiracy)

- Buckwalter v. Napoli, Kaiser & Bern LLP, 2005 WL 736216 (S.D.N.Y. Mar. 29, 2005) (civil RICO class action arising out of class action settlement)
- In re Western Union Money Transfer Litigation, Master File No. 01-CV-0335 (CPS) (E.D.N.Y. Oct. 18, 2004 & Feb. 8, 2005) (approving worldwide settlement of civil RICO and unfair trade practices class action brought against money transfer services)
- In re Pharmaceutical Indus. Avg. Wholesale Price Litig., 263 F. Supp. 2d 172 (D. Mass. 2003) (RICO and unfair trade practice class action alleging overstatements of average wholesale price of prescription drugs)
- In re Enron Corp. Secs., Deriv. & ERISA Litig., 284 F. Supp. 2d 511 (S.D. Tex. 2003) (RICO class action arising from collapse of energy company)
- In re Calif. Wholesale Elec. Antitrust Litig., 244 F. Supp. 2d 1072 (S.D. Cal. 2003) (antitrust class action arising out of California energy "crisis")
- Sarei v. Rio Tinto PLC, 221 F. Supp. 2d 1116 (C.D. Cal. 2002) (Alien Tort Claims Act class action brought by islanders against Australian mining company)
- Smith v. Mail Boxes Etc., Inc., 191 F. Supp. 2d 1155 (E.D. Cal. 2002) (consumer protection class action alleging overcharges in excess of $80 million for "excess value" insurance; district court refused to remand case to state court under "last-served defendant" rule; case was transferred to MDL proceeding in S.D.N.Y.)
- In re AOL, Inc. Version 5.0 Software Litigation, 168 F. Supp. 2d 1359 (S.D. Fla. 2001) (consumer protection class action brought against internet company; district court refused to grant motions to dismiss)
- In re World War II Era Japanese Forced Labor Litigation, 164 F. Supp. 2d 1160 (N.D. Cal. 2001), 164 F. Supp. 2d 1153 (N.D. Cal. 2001), 114 F. Supp. 2d 939 (N.D. Cal. 2000) (forced labor class actions brought by former POWs and civilian internees against numerous Japanese companies; district court dismissed plaintiffs' claims on a variety of grounds)
- Cardenas v. Ria Telecommunications, Inc., 2001 U.S. Dist. LEXIS 6609 (N.D. Ill. May 18, 2001) (civil RICO case; dismissing claims against money transfer service)
- In re SmarTalk Teleservices, Inc. Securities Litigation, 124 F. Supp. 2d 487 (S.D. Ohio 2000), 124 F. Supp. 2d 505 (S.D. Ohio 2000), 124 F. Supp. 2d 527 (S.D. Ohio 2000) (securities fraud class action against phone service provider; district court refused to grant motions to dismiss)
- Blue Cross v. SmithKline Beecham Clinical Laboratories, Inc., 108 F. Supp. 2d 84 (D. Conn. 1999), 108 F. Supp. 2d 116 (D. Conn. 2000), 108 F. Supp. 2d 125 (D. Conn. 2000), 108 F. Supp. 2d 130 (D. Conn. 2000) (consumer protection and civil RICO class action alleging fraudulent overcharges for laboratory services in excess of $100 million; district court upheld certain claims and dismissed other claims)

- Dumas v. Major League Baseball Properties, Inc., 104 F. Supp. 2d 1220 (S.D. Cal. 2000) & 52 F. Supp. 2d 1183 (S.D. Cal. 1999) (consumer protection/civil RICO class action alleging that trading cards constitute illegal gambling under state and federal law; trading card purchasers lacked standing to sue manufacturers, distributors and professional sports leagues) and Rodriguez v. Topps Co., 104 F. Supp. 2d 1224 (S.D. Cal. 2000) (same)
- Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061 (C.D. Cal. 1999) (securities fraud class action brought against aerospace company; district court appointed lead plaintiffs and lead counsel under PSLRA)
- Schlagal v. Learning Tree Corp., 1998 U.S. Dist. LEXIS 20306 (C.D. Cal. 1998), 1999 U.S. Dist. LEXIS 2157 (C.D. Cal. 1999) (securities fraud class action brought against computer software manufacturer; district court refused to grant motions to dismiss and certified class)
- Squyres v. Union Texas Petroleum Holdings, Inc., 1998 U.S. Dist. LEXIS 22945 (C.D. Cal. Nov. 2, 1998) (securities fraud class action brought against petroleum exploration company; appointing lead counsel under PSLRA)
- In re Stratosphere Corp. Securities Litigation, 1997 U.S. Dist. LEXIS 14621 (D. Nev. 1997), 1997 U.S. Dist. LEXIS 14616 (D. Nev. 1997), 1998 Bankr. LEXIS 1935 (Bankr. D. Nev. 1998), 182 F.R.D. 614 (D. Nev. 1998), 1 F. Supp. 2d 1096 (D. Nev. 1999), 66 F. Supp. 2d 1182 (D. Nev. 1999) (securities fraud class action brought against casino company; various decisions by district court and bankruptcy court on motions to dismiss and summary judgment and discovery motions)
- Pharmacare v. Caremark, 965 F. Supp. 1411 (D. Haw. 1996) (civil RICO class action arising out of bribery scandal involving health care manufacturer and physicians; district court refused to grant motions to dismiss)
- In re Prudential Securities Limited Partnerships Litigation, 911 F. Supp. 135 (S.D.N.Y. 1996), 912 F. Supp. 97 (S.D.N.Y. 1996), 930 F. Supp. 68 (S.D.N.Y. 1996), 985 F. Supp. 410 (S.D.N.Y. 1997) (securities fraud/RICO class action brought against general partner of limited partnerships formed to purchase and lease jet aircraft; district court refused to grant motions to dismiss, certified classes, and approved $120 million settlement)
- In re Herbalife Securities Litigation, 1996 U.S. Dist. LEXIS 11484 (C.D. Cal. Jan. 25, 1996) (securities fraud case brought against dietary supplement manufacturer; dismissing claims against defendants)
- Krishan v. McDonnell Douglas Corp., 873 F. Supp. 345 (C.D. Cal. 1994) (ERISA class action brought on behalf of retirees against aerospace manufacturer; district court granted summary judgment for employer; case settled for over $400 million while appeal to 9th Circuit was pending)
- Rintel v. Wathen, 806 F. Supp. 1467 (C.D. Cal. 1992) (securities fraud case brought against security company; dismissing claims against defendants)
- In re American Continental Corp./Lincoln Savings & Loan Securities Litigation, 794 F. Supp. 1424 (D. Ariz. 1992), 884 F.

Supp. 1388 (D. Ariz. 1995), 845 F. Supp. 1377 (D. Ariz. 1993), 140 F.R.D. 425 (D. Ariz. 1992), 782 F. Supp. 1382 (D. Ariz. 1991) (securities fraud/RICO class action arising out of collapse of savings and loan and parent company; district court refused to grant defendants' summary judgment motions)

Results achieved in prior matters are not meant to be a guarantee of success as the facts and legal circumstances vary from matter to matter.

**Some of his significant state court cases include the following:**

- Thiedemann v. Mercedes-Benz USA, LLC, 872 A.2d 783 (N.J. 2005) (construction and application of "ascertainable loss" requirement of New Jersey Consumer Fraud Act)
- Wayne v. DHL Express (USA), Inc., 2005 WL 1140686 (Cal. App. May 16, 2005) (violations of California consumer protection statutes through overcharges for "shipment insurance")
- Stanley v. California State Lottery Commission, 112 Cal. App. 4th 168 (2003), review granted, No. S120121 (Dec. 10, 2003) & 2003 Cal. App. Unpub. LEXIS 8296 (Aug. 29, 2003) (consumer actions alleging violations of Lottery Act in sales of "Scratcher" tickets)
- Shields v. Singleton, 15 Cal. App. 4th 1611, 19 Cal. Rptr. 2d 459 (1993) (shareholder derivative action involving aerospace contractor; affirming trial court's dismissal of claims against defendants)
- Drilling v. Berman, 589 N.W.2d 503 (Minn. App. 1999) (shareholder derivative action involving casino company; affirming trial court's dismissal of claims against defendants)

**Other Significant Professional Activities:**

During 1991-2011, as Chair of NASCAT's Amicus Committee, Mr. Roddy filed more than three dozen amicus curiae briefs filed in the U.S. Supreme Court, federal circuit courts and state supreme courts, including Merck & Co. v. Reynolds, No. 08-905 (securities litigation); Jones v. Harris Assocs., L.P., No. 08-586 (shareholder litigation); Morrison v. Nat'l Australia Bank, Ltd., No. 08-1191 (securities litigation); Boyle v. United States, No. 07-1309 (RICO); Bridges v. Phoenix Bond & Indem. Co., No. 07-210 (RICO); Tellabs, Inc. v. Makor Issues & Rights, Ltd., No. 06-484 (securities litigation); Mohawk Indus. v. Williams, No. 05-465 (RICO); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, No. 04-1371 (SLUSA preemption of "holder" actions; Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 125 S. Ct. 2764 (2005); Dura Pharmaceuticals, Inc. v. Broudo, No. 03-932, 125 S. Ct. 1627 (2005) (securities fraud "loss causation"); Robinson Helicopter Co. v. Dana Corp., 102 P.3d 268 (Cal. 2004) ("economic loss rule" in consumer fraud cases); Borowiec v. Gateway 2000, Inc., 808 N.E.2d 957 (Ill.2004) (consumer protection action; validity of arbitration clauses); SEC v. Zandford, 535 U.S. 813 (2002) (broker-dealer's liability for securities fraud); Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158 (2001) (RICO; liability of corporate officers); Hanlon v. Berger, 526 U.S. 808 (1999) (media and privacy rights under First Amendment); Ortiz v. Fibreboard Corp., 527 U.S. 815 (1999) (asbestos class action settlements); Klehr v. A.O. Smith Corp., 521 U.S. 179 (1997) (RICO); Amchem Products v. Windsor, 521 U.S.

591 (1997) (asbestos class action settlements); BMW of North America v. Gore, 517 U.S. 559 (1996) (punitive damages in consumer protection cases); Varity Corp. v. Howe, 516 U.S. 489 (1996) (ERISA rights of employees); Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73 (1995) (ERISA rights of employees); Boca Grande Club v. Florida Power & Light Co., 511 U.S. 222 (1994) (contribution rights of defendants); Central Bank, N.A. v. First Interstate Bank, N.A., 511 U.S. 164 (1994) (securities fraud; liability of aiders and abettors); TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443 (1993) (punitive damages under state law); Musick, Peeler & Garrett v. Employers Insurance, 508 U.S. 286 (1993) (contribution rights of defendants in securities fraud cases); Reves v. Ernst & Young, 507 U.S. 170 (1992) (RICO; liability of professional advisers); and Holmes v. Securities Investor Protection Corp., 503 U.S. 258 (1992) (RICO; proximate causation and recovery of damages).

## EXHIBIT 2

**Wilentz, Goldman & Spitzer, P.A.**
**Summary by Timekeeper and Activity**

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Eric Marcy | $500.00 | 152.3 | $ 76,150.00 |
| Kevin Roddy | $905.00 | 1,221.40 | $1,105,367.00 |
| Philip Tortoreti | $905.00 | .30 | $ 271.50 |
| | | | **$1,181,788.50** |