'""""VCD'J

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JACOB SMITH, | ) Case No. 2:20-cv-03755 |
| Plaintiff, | ) |
| v. | ) Judge Edmund A. Sargus |
| | ) Magistrate Judge Kimberly A. Jolson |
| FIRSTENERGY CORP., *et al.*, | ) |
| Defendants. | ) |
| | |
| JAMES BULDAS, | ) Case No. 2:20-cv-03987 |
| Plaintiff, | ) Judge Edmund A. Sargus |
| | ) Magistrate Judge Kimberly A. Jolson |
| v. | ) |
| FIRSTENERGY CORP., *et al.*, | ) |
| Defendants. | ) |
| | |
| BRIAN HUDOCK and CAMEO COUNTERTOPS, INC., | ) Case No. 2:20-cv-03954 |
| Plaintiffs, | ) Judge Edmund A. Sargus |
| | ) Magistrate Judge Kimberly A. Jolson |
| v. | ) |
| FIRSTENERGY CORP., *et al.*, | ) |
| Defendants. | ) |

**DECLARATION OF A. GIBSON SOLOMONS III IN SUPPORT OF AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD OF INCENTIVE PAYMENTS TO CLASS REPRESENTATIVES**

I, A. Gibson Solomons declare as follows:

1. I am an attorney licensed to practice before the courts of South Carolina and the Fourth Circuit of the Federal Courts, and am a partner in the law firm Speights & Solomons, LLC ("S&S"). I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I would testify competently to them. I make this Declaration in support of S&S's request for attorneys' fees and reimbursement of litigation expenses, as set forth in Class Plaintiffs' Unopposed Motion For Award of Attorneys' Fees, Costs, and Incentive Awards To Class Representative Plaintiffs (the "Fee Motion").

2. I am counsel of record for Plaintiff Michael Emmons in a class action lawsuit pending in the Cuyahoga County Court of Common Pleas styled *Emmons v. FirstEnergy Corp.*, Case No. CV-20 935557.

3. A brief description my firm, which includes a short summary of my experience and credentials, is attached as Exhibit 1 and incorporated herein by reference.

4. Throughout the course of this litigation, my firm kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred, and shared those reports on a regular basis with James L. Ward, Jr., who is Class Counsel for the Settlement Class along with Dennis E. Murray, Jr. and Marvin A. Miller. *See* ECF No. 142 (preliminary approval order appointing Messrs. Murray, Miller, and Ward as Class Counsel). All the time and expenses reported by my firm advanced the tremendous class-wide result achieved in this case.

5. Such work included participating in the foundational research and drafting of the Complaint, participating in mapping the case for discovery and trial, participating in discovery and third party discovery, participating in preparation of Motions and briefs on dispositive and procedural issues, participating in coordinating with counsel in the companion federal case for both negotiating and case prosecution, participating in finding and consultation with experts, and negotiation of the

2

settlement with Defendants. Our approach is a team approach and each of the members of our team serve multiple functions. We coordinate those functions to promote the efficacy of our prosecution of the class interests.

6. The schedule attached as Exhibit 2, and incorporated herein, is a summary of the amount of time spent by my firm's partners, attorneys, and professional support staff who were involved in this litigation. It does not include any time devoted to preparing this Declaration or otherwise pertaining to the Fee Motion. The lodestar calculation is based on my firm's billing rates in effect at the time services were performed. Exhibit 2 was prepared from contemporaneous time records regularly prepared and maintained by my firm. Those records have been provided to Class Counsel, and I authorize them to be submitted for inspection by the Court if necessary. The hourly rates for my firm's partners, attorneys, and professional support staff included in Exhibit 2 were, at the time the work was performed, the usual and customary hourly rates charged for their services in similar complex litigation.

7. The total number of hours reasonably expended on this litigation by my firm from inception through July 31, 2022, which does not include time spent preparing this Declaration or preparing the Fee Motion, is 1171.25 hours. The total lodestar for my firm is $937,000.00. Expense items are billed separately and are not duplicated in my firm's lodestar.

8. The expenses my firm incurred in litigating this action are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, invoices, receipts, check records, and other source materials and accurately reflect the expenses incurred. My firm's expense records are available for inspection by the Court if necessary.

9. My firm incurred a total of $2,301.56 in unreimbursed expenses, all of which were reasonable and necessary for the prosecution of this litigation. These were for non-common litigation expenses incurred by my firm, such as travel, meals and lodging, and filing fees. A summary of these

3

expenses by category is attached as <u>Exhibit 3.</u>

10. In the event my firm provides additional services or incurs additional costs, I will supplement this declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of October, 2022, in Hampton, South Carolina.

_____
A.Gibson Solomons III

## Speights & Solomons, LLC
## Exhibit 1

The firm's partners have been involved with complex class action practice for nearly fifty years. Mr. Speights, along with Arthur Miller and other notable co-counsel, developed the law and model for addressing property damages from asbestos through the class device. See *Cent. Wesleyan Coll. v. W.R. Grace Co.*, 6 F.3d 177 (4th Cir. 1993); *In re School Asbestos Litigation*, 789 F.2d 996 (3d Cir. 1986). Over the next forty years, the firm has expanded its understanding of the technical needs and proper use of class actions as it worked on a wide array of class actions in both state and federal courts.

Mr. Solomons has been a part of that development for nearly twenty years, serving as Plaintiffs' lead counsel in products liability class actions subject to MDL treatment (*see Brooks v. GAF Materials Corp.*, 41 F. Supp. 3d 474, 482 (D.S.C. 2014)) and as class counsel in actions on behalf of farmers, property owners seeking redress for improper fees, and employees in wage and hour matters. Most relevant, the firm recently served on the lead team (along with many others on the *Emmons* team) in a pair of class actions brought on behalf of customers against two utilities for improper charges stemming from deception around a failed nuclear project. The two cases delivered over $700 million in cash benefits and over $3 billion in total benefits to the utility customers.

Coming on the heels of that action, the *Emmons* team has worked to play a role in protecting the rights of utility customers in Ohio. Mr. Solomons served as a coordinator for the team, mapping and planning the litigation, setting the theme and priorities, and designating individuals and groups for specific tasks to avoid duplication of effort.

# EXHIBIT 2

| Name | Hourly Rate | Total Hours | Total Amount |
|---|---|---|---|
| A. Gibson Solomons, III | $800.00 | 1171.25 | $937,000.00 |

**EXHIBIT 3**

08/23/2022   S&S

**SPEIGHTS & SOLOMONS, LLC**
**P. O. BOX 685**
**100 OAK STREET, E**
**HAMPTON, SOUTH CAROLINA   29924**

```
EMMONS vs FIRSTENERGY CORP OF OHIO          Client #: 1
&                                           File #: 312
  FIRSTENERGY SERVICE COMPANY               As of Date: 08/23/2022

                                            SPEIGHTS & SOLOMONS
RE:  EMMONS V FIRSTENERGY CORP OF OHIO &
     FIRSTENERGY SERVICE COMPANY
```

**COSTS ADVANCED**

| Date | Description | Amount |
|---|---|---:|
| 08/20/2020 | Gibson Solomons - 8/6/20  Supreme Court of Ohio Pro Hac  (Filing Fee) #3150 | 300.00 |
| 08/20/2020 | United Parcel Service - Express Mail: 8/6/20  Supreme Court of Ohio - Office of Attorney Services - Columbus OH #3153 | 29.82 |
| 10/29/2020 | Gibson Solomons - 10/9/20  Meeting with Galvin   (Lunch - $36.52) #3273 | 36.52 |
| 06/21/2021 | 6/21/21  Travel to/from Orangeburg/Columbia for Attendance at Meetings with Co-Counsel.  (Pro-rata share Auto Mileage - 135 miles - $74.25) | 74.25 |
| 07/28/2021 | 7/25/21 - 7/28/21  Travel to/from Cleveland for preparation and attendance at mediation.  (Airfare and baggage fee - $481.80) (Hotel - $770.24) (Airport parking - $43.00) (Meals - $227.05) | 1,522.09 |
| 01/06/2022 | Gibson Solomons - Pro Hac Vice Renewal Fee with Supreme Court of Ohio for  A. Gibson Solomons. #4031 | 300.00 |
| 01/11/2022 | United Parcel Service - Express Mail: 12/28/21   Office of Attorney Supreme Court of Ohio - Columbus, OH. #4054 | 35.78 |
| 08/01/2022 | Pacer on-Line Research  (4/1/22 - 6/30/22) | 3.10 |

```
    FIRSTENERGY SERVICE COMPANY                                    Page#:     2
File #: 312
```

|  |  |
|---:|---:|
| **TOTAL COSTS ADVANCED:** | $2,301.56 |
| **PREVIOUS BALANCE:** | 0.00 |
| **CURRENT CHARGES:** | 2,301.56 |
| **LESS PAYMENTS:** | 0.00 |
| **TOTAL AMOUNT DUE:** | $2,301.56 |