# EXHIBIT E

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JACOB SMITH, | ) | Case No. 2:20-cv-03755 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Edmund A. Sargus |
| v. | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| FIRSTENERGY CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JAMES BULDAS, | ) | Case No. 2:20-cv-03987 |
| | ) | |
| Plaintiff, | ) | Judge Edmund A. Sargus |
| | ) | Magistrate Judge Kimberly A. Jolson |
| v. | ) | |
| | ) | |
| FIRSTENERGY CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BRIAN HUDOCK and CAMEO COUNTERTOPS, INC., | ) | Case No. 2:20-cv-03954 |
| | ) | |
| | ) | Judge Edmund A. Sargus |
| Plaintiffs, | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| v. | ) | |
| | ) | |
| FIRSTENERGY CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING FINAL JUDGMENT AND ORDER OF DISMISSAL OF ALL PLAINTIFFS' CLAIMS WITH PREJUDICE AS TO ALL DEFENDANTS**

1

Pursuant to Fed. R. Civ. P. 23(e), and in accordance with the terms of the Settlement Agreements between Class Plaintiffs and FirstEnergy Settling Parties and Energy Harbor, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.	This Final Judgment and Order of Dismissal hereby incorporates by reference the definitions in the Settlement Agreements among Class Plaintiffs, the Settlement Class, and (a) the FirstEnergy Settling Parties and (b) Energy Harbor, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements. Dkt. # 139-3.

2.	On April 11, 2022, the Class Representatives, on behalf of the Settlement Class, and the FirstEnergy Settling Parties entered into a Settlement Agreement. On June 7, 2022, the Class Representatives, on behalf of the Settlement Class, also entered into a Settlement Agreement with Energy Harbor. The Settlement Class as defined in both Settlement Agreements and as preliminarily approved by this Court on June 22, 2022, Dkt. # 142, consists of: All persons and entities who have paid to Toledo Edison, Cleveland Electric, or Ohio Edison any rates, charges, fees, tolls, or other costs pursuant to HB6 or any recovery mechanism approved by the Public Utilities Commission of Ohio pursuant to HB6 through the date of Preliminary Approval of the Settlement Agreement by the Court. Excluded from the Settlement Class are: (1) Defendants and alleged co-conspirators and their respective parents, subsidiaries, and affiliates, and (2) any Settlement Class Member who timely and validly elects to be excluded from the Settlement Class. The Court now reaffirms the findings made in connection with the preliminary approval of the Settlements, Dkt. # 142, at ¶¶ 2-7, and certifies the Settlement Class defined above pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

3. The Court has jurisdiction over these actions, each of the parties, and all members of the Settlement Class for all purposes in this case, including the Settlement Agreements.

4. Pursuant to the Court's order of June 22, 2022, notice of the proposed Settlement to members of the Settlement Class has been provided in accordance with that order and the Notice Plan referenced therein and set forth in the notice to the Settlement Class. The notice disseminated to the Settlement Class constituted the best notice practicable under the circumstances, as it included direct, individual notice to all members of the Settlement Class who were identified through reasonable efforts, and included notice of Settlement Class members' right to request exclusion from the Settlement Class or to participate at the final approval hearing concerning this Settlement. See Affidavit of representative of Claims Administrator previously approved by the Court, Eric Miller, at ¶¶ 7, 9, 13 and 14, and Exhibits A-D attached thereto. Pursuant to, and in accordance with, Fed. R. Civ. P. 23, the Court hereby finds that the notice provided Settlement Class members with due and adequate notice of the Settlements, the Settlement Agreements, these proceedings, and the rights of Settlement Class members to opt out of the Settlement Class and/or object to the Settlements.

5. Due and adequate notice having been provided to the Settlement Class and a full opportunity having been offered to the Settlement Class to request exclusion from the Settlement Class or to participate in the November 9, 2022 Fairness Hearing, it is hereby determined that all Settlement Class members are bound by this Final Judgment and Order of Dismissal.

6. The Settlement of the claims against the Defendants was not the product of collusion between the Class Representatives and the FirstEnergy Settling Parties or Energy Harbor, or their respective counsel, but rather was the result of *bona fide* and arms'-length negotiations conducted in good faith between Class Counsel and counsel for the Defendants,

with the assistance of former United States District Judge Gerald Rosen (retired), who served as mediator.

7. Pursuant to Fed. R. Civ. P. 23, this Court hereby approves the Settlements and finds that the Settlements are, in all respects, fair, reasonable, and adequate to members of the Settlement Class. Accordingly, the Settlements shall be consummated in accordance with the terms and provisions of the Settlement Agreements.

8. The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by Class Counsel (the "Plan of Allocation"), which was set forth in the Notice of Proposed Settlements, and directs A.B. Data, Ltd., the Court appointed Claims Administrator retained by Class Counsel, to distribute the net Settlement Fund as provided in the Plan of Allocation.

9. All claims against Defendants, by those members of the Settlement Class who have not timely excluded themselves from the Settlement Class, are hereby dismissed with prejudice and without costs.

10. Upon the Settlement Agreements becoming final in accordance with paragraph 1(h) of the Settlement Agreement with the FirstEnergy Settling Parties and paragraph 1(j) of the Settlement Agreement with Energy Harbor, Plaintiffs and the Settlement Class unconditionally, fully, and finally release and forever discharge the FirstEnergy Released Parties and the Energy Harbor Released Parties (as defined in the Settlement Agreements at paragraph 14) from any and all claims, demands, actions, suits, causes of action, counterclaims, cross-claims, obligations, damages, charges, liabilities, debts, setoffs, judgments, suits, rights of recovery, attorneys' fees and costs, or liabilities for any obligations, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to either Settlement or makes a claim

upon or participates in the Settlement Funds, whether directly, representatively, derivatively or in any other capacity) that they ever had or now have, that existed as of the execution date of the Settlement Agreements, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to the facts and circumstances alleged, or that could have been alleged, in this Litigation ("Released Claims"). The Released Claims do not include: (1) any claims asserted under the federal securities laws, including without limitation claims asserted in *In re FirstEnergy Corp. Sec. Litig.*, Case No. 20-cv-03785-ALM-KAJ (S.D. Ohio) (and all consolidated cases); (2) any derivative claims asserted on behalf of FirstEnergy in *Gendrich, et al. v. Anderson et al.*, No. CV-2020-07-2107 (Ohio Ct. of Common Pleas for Summit County); *Miller, et al. v. Anderson*, et al., No. 5:20-cv-01743-JRA (N.D. Ohio); or *Employees Retirement System of the City of St. Louis, et al. v. Jones, et al.*, No. 2:20-cv-4813 (S.D. Ohio); or (3) any claims unrelated to HB6 or not arising out of the allegations in the Class Actions.

11. Class Counsel for the Settlement Class have moved for an award of attorneys' fees, reimbursement of expenses, and incentive awards for the Class Representatives. Class Counsel request an award of attorneys' fees of 33 1/3% of the Settlement Fund (including the interest accrued thereon), reimbursement of the reasonable costs and expenses incurred in the prosecution of this action in the amount of $111,959.01, and incentive awards totaling $35,000 collectively for the four Class Representatives, and such fee petition has been on the docket and otherwise publicly available since September 6, 2022.

12. Upon consideration of Class Counsel's petition for fees and costs and expenses, Class Counsel are hereby awarded attorneys' fees totaling $16,333,333.33 (representing 33 1/3%

5

of the Settlement Fund) and costs and expenses totaling $111,959.01, together with a proportionate share of the interest thereon from the date the funds are deposited in the Settlement Escrow Account until payment of such attorneys' fees, costs and expenses, at the rate earned by the Settlement Fund, to be paid solely from the Settlement Fund. Murray & Murray Co., L.P.A., Miller Law LLC and McGowan, Hood & Felder, LLC shall allocate and distribute such attorneys' fees and costs and expenses among the various Plaintiffs' Counsel that have participated in this litigation. Murray & Murray Co., L.P.A., Miller Law LLC and McGowan, Hood & Felder, LLC shall allocate and distribute such incentive awards among the various Class Representatives who have participated in this litigation. The FirstEnergy Released Parties (as defined in paragraph 1(i) of the FirstEnergy Parties Settlement Agreement) and the Energy Harbor Released Parties (as defined in paragraph 1(k) of the Energy Harbor Settlement Agreement) shall have no responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, costs and expenses, or incentive awards among Class Counsel and/or Class Representatives, nor with respect to any allocation of attorneys' fees, costs and expenses, or incentive awards to any other person or entity who may assert any claim thereto. The attorneys' fees, costs and expenses, and incentive awards authorized and approved by this Final Judgment and Order of Dismissal shall be paid to Murray & Murray Co., L.P.A., Miller Law LLC and McGowan, Hood & Felder, LLC within five (5) business days after the Settlement becomes final as set forth above in paragraph 10 or as soon thereafter as is practical and in accordance with the terms of the Settlement Agreements and the Escrow Agreements. The attorneys' fees, costs and expenses, and incentive awards authorized and approved by this Final Judgment and Order of Dismissal shall constitute full and final satisfaction of any and all claims that Plaintiffs and any member of the Settlement Class and their respective counsel may

have or assert for reimbursement of fees, costs and expenses, and incentive awards, and Class Plaintiffs and members of the Settlement Class, and their respective counsel, shall not seek or demand payment of any fees and/or costs and/or expenses and/or incentive awards from the FirstEnergy Released Parties or the Energy Harbor Released Parties other than the Settlement Fund.

13. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreements, including the administration and consummation of the Settlement, and over this Final Judgment and Order of Dismissal.

14. Final approval of the Settlement Agreements is granted pursuant to Fed. R. Civ. P. 23(e).

15. The persons and entities identified on Tab 1 have timely and validly requested exclusion from the Settlement Class and therefore are excluded from the Settlement Class and not bound by this Final Judgment and Order of Dismissal and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise. These excluded persons and entities may not pursue any Released Claims on behalf of those who are bound by this Final Judgment and Order of Dismissal. Each Settlement Class Member who has not requested to be excluded from the Settlement and is not listed in Exhibit A is bound by this Final Judgment and Order of Dismissal and will remain forever bound.

16. The Court finds that this Final Judgment and Order of Dismissal adjudicates all of the claims, rights, and liabilities of the parties to the Settlement Agreements (including the members of the Settlement Class) and is final and shall be immediately appealable. Neither this Final Judgment and Order of Dismissal, the Settlement Agreements, nor any other Settlement-related document shall constitute any evidence or admission by the FirstEnergy Settling Parties,

Energy Harbor or any other FirstEnergy or Energy Harbor Released Party on liability, any merits issue, or any class certification issue (including but not limited to whether a class can be certified for purposes of litigation or trial) in this or any other matter or proceeding, nor shall either of the Settlement Agreements, this Final Judgment and Order of Dismissal, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreements, this Final Judgment and Order of Dismissal, or if offered by any FirstEnergy Released Party or Energy Harbor Released Party in responding to any action purporting to assert Released Claims.

17. Pursuant to Federal Rule of Civil Procedure 54(b), this Court directs entry of final judgment of dismissal with prejudice as to all Defendants as set forth in its separate docket entries this same day.

**SO ORDERED:**

Dated:_____, 2022

_____
Edmund A. Sargus
U.S. District Court Judge